Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
BANK OF AMERICA, N.A.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>STACY ODINE CORBAN,<br><br>Debtor. | Case No. 8:22-bk-11331-MH<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE:     09/27/2022<br>TIME:     09:00 am<br>PLACE:    TR 13<br>          Video Conference<br><br>CONFIRMATION HEARING:<br>DATE:     11/17/2022<br>TIME:     9:30 am<br>CTRM:     6C |

BANK OF AMERICA, N.A.[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Stacy Odine Corban (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on the Creditor's Proof of Claim filed on the Court's Claims Register ("CCR") as claim number 2, the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

-1-    Case No. 8:22-bk-11331-MH
**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

## 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for Creditor's claim and is not feasible. Specifically, Debtor's Plan fails to provide for a cure of Creditor's pre-petition claim in full and for the maintenance of ongoing post-petition payments. In addition, Debtor lacks adequate disposable income to cure the pre-petition arrears over the plan period and therefore the feasibility of the Plan is contingent upon the sale of the property securing Creditor's claim. However, the Plan provides no additional details regarding the sale except for the fact that Debtor intends to sell the property within 12 months. The undersigned counsel for Creditor has communicated with Debtor's counsel and learned that an amended plan will be filed to move forward the proposed sale period and Creditor may be agreeable to negotiating a reasonable continuance of the confirmation hearing to allow time for the sale to close. In the interim, Creditor files this Objection to reserve its rights regarding the treatment of its claim in Debtor's Plan.

## 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor Stacy Ondine Corban and Daniel W. Corban (collectively the "Borrowers"), and dated June 29, 2009, in the original principal sum of $417,302.00 (the "Note"). A copy of the Note is attached to Creditor's Proof of Claim filed on the CCR as Claim No. 2 and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 22596 Killy Street, Lake Forest, California 92630-4619 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's Proof of Claim filed on the CCR as Claim No. 2.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 2.

4. Subsequently, the beneficial interest in the Deed of Trust was transferred to Creditor. A copy of the Assignment of Deed of Trust is attached to Creditor's Proof of Claim filed on the CCR

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

1. as Claim No. 2.

2. 5. On or about March 26, 2012, Borrowers executed an agreement to modify the loan. A copy of the Loan Modification Agreement is attached to Creditor's Proof of Claim filed on the CCR as Claim No. 2 and incorporated herein by reference.

3. 6. On August 6, 2022, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:22-bk-11331-MH.

4. 7. On August 22, 2022 the Debtor filed her Chapter 13 Plan (the "Plan") providing for monthly payments of $0.00 per month for 11 months with a lump sum payment of $57,750.00 in month 12. The Plan provides for payment of Creditor's pre-petition arrears of $50,000.00 in month 12 but indicates post-petition payments will not be made in the interim. The Plan also indicates Debtor's intention to sell her home and will do so within 12 months. (*See* Docket No. 15).

5. 8. Debtor's Schedules I and J indicate Debtor as monthly disposable income in the amount of $283.00.

6. 9. On October 17, 2022, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $382,569.28, and a pre-petition arrearage claim of $121,636.35. A copy of Creditor's Proof of Claim is attached hereto as Exhibit A and is incorporated herein by reference.

### 3) ARGUMENT

**A.    DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

/././

/././

### 1. Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim and for Ongoing Post-Petition Payments

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986). In addition, Section 1322(b)(5) of the Bankruptcy Code provides for the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. 11 U.S.C. § 1322(b)(5). Here, the loan relating to Creditor's secured claim matures December 1, 2040, which is after the term of the Debtor's Plan, yet the Plan makes no provision for ongoing post-petition payments.

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure of Creditor's pre-petition arrears. As previously discussed, Creditor's claim for pre-petition arrears is in the total amount of $121,636.35. See CCR, Claim No. 2. However, Debtor's Plan only provides for a cure of $50,000.00 in pre-petition arrears and fails to provide for the maintenance of ongoing post-petition payments. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears and the maintenance of ongoing post-petition payments, it fails to satisfy 11 U.S.C. Sections 1325(a)(5)(B)(ii) and 1322(b)(5) and therefore cannot be confirmed as proposed.

### 2. Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Is Not Feasible.

11 U.S.C. Section 1325(a)(6) requires debtors to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. In re Craig, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing In re Anderson, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has not provided sufficient evidence that her Chapter 13 Plan is feasible.

Debtor's Schedule J indicates that the Debtor has disposable income of $283.00 per month. However, the Debtor would be required to apply a minimum of $2,027.27 per month in order to cure

1  the pre-petition arrears owing to Creditor in the amount of $121,636.35. As Debtor lacks sufficient

2  disposable income to cure the pre-petition arrears over the Plan term, Debtor is proposing to sell the

3  Property to fund the Plan and indicates the Property will be sold by month 12 of the Plan. Debtor's

4  counsel has advised the undersigned counsel for Creditor that an amended plan will be filed shortly

5  to move forward the sale timeline and Creditor may be agreeable to negotiating a continuance of the

6  confirmation hearing to allow time for the Property to be sold.

7      WHEREFORE, Creditor respectfully requests:

8      i)    That confirmation of the Debtor's Chapter 13 Plan be denied; or

9      ii)    Alternatively, that the Plan be amended to provide for the full amount of pre-petition

10  arrears owing to Creditor along with the maintenance of ongoing post-petition payments;

11      iii)    To the extent Debtor still intends to sell the Property, that the Property be sold by a

12  date certain to be negotiated by the parties and granting Creditor relief from stay if the Property is not

13  sold by said date; and

14      iv)    For such other and further relief as this Court deems just and proper.

16      Respectfully submitted,

17  Dated: October 25, 2022      ALDRIDGE PITE, LLP

By: /s/Joseph Delmotte
JOSEPH C. DELMOTTE (SBN 259460)
Attorneys for BANK OF AMERICA, N.A.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200  P.O. Box 17933  San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): <u>Objection to Confirmation</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>October 26, 2022</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

DEBTOR'S ATTORNEY:
Benjamin Heston bhestonecf@gmail.com

CHAPTER 13 TRUSTEE
Amrane (SA) Cohen (TR)  efile@ch13ac.com

U.S. TRUSTEE
U.S. Trustee  ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) <u>October 26, 2022</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| DEBTOR: | JUDGE: |
|---|---|
| Stacy Odine Corban | Honorable Mark D. Houle |
| 22596 Killy St | Central District of California - Riverside Division |
| Lake Forest, CA 92630-4619 | US Bankruptcy Court |
| | 3420 12th St, Ste. 365, |
| | Riverside, CA 92501-3819 |

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| October 26, 2022 | Ana Vetter | /s/ Ana Vetter |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-3.1.PROOF.SERVICE**