**U.S. Bankruptcy Court**

**Central District of California**

Notice of Electronic Claims Filing

The following transaction was received from Delmotte, Joseph on 10/17/2022 at 1:02 PM PDT

File another claim

| | |
|---|---|
| **Case Name:** | Stacy Odine Corban |
| **Case Number:** | 8:22-bk-11331-MH |
| **Creditor Name:** | BANK OF AMERICA, N.A<br>C/O CARRINGTON MORTGAGE SERVICES, LLC<br>1600 South Douglass Road<br>Anaheim CA 92806 |
| **Claim Number:** | 2   Claims Register |
| **Amount Claimed:** | $382,569.28 |
| **Amount Secured:** | $382569.28 |
| **Amount Priority:** | |

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**POC TO ECF.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=10/17/2022] [FileNumber=10317822
6-0] [2685e78f6a146c37f418827bea133cfd726c7243477c924c07d1dca9879659de
dc558310142ba65d4e621fc2fb83a7db044d85ff696c356982e9c02331d61af9]]

**EXHIBIT A**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Stacy Odine Corban |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California (State) |
| Case number | 8:22-bk-11331-MH |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:    Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | BANK OF AMERICA, N.A.<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. | Has this claim been acquired from someone else? | ☒ No<br>☐ Yes.  From whom? |

| | | | |
|---|---|---|---|
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>CARRINGTON MORTGAGE SERVICES, LLC<br>Name<br><br>1600 South Douglass Road<br>Number    Street<br><br>Anaheim            CA            92806<br>City            State            Zip Code<br><br>Contact phone    800-561-4567<br><br>Contact email | Where should payments to the creditor be sent? (if different)<br><br>CARRINGTON MORTGAGE SERVICES, LLC<br>Name<br><br>1600 South Douglass Road<br>Number    Street<br><br>Anaheim            CA            92806<br>City            State            Zip Code<br><br>Contact phone    800-561-4567<br><br>Contact email |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| | | |
|---|---|---|
| 4. | Does this claim amend one already filed? | ☒ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____<br>MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes.  Who made the earlier filing? |

**EXHIBIT A**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

6. Do you have any number you use to identify the debtor?

☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor.          ******4787

7. How much is the claim?    $ 382,569.28          Does this amount include interest or other charges?

☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

9. Is all or part of the claim secured?

☐ No
☒ Yes.    The claim is secured by a lien on property.

Nature of property:

☒ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe    22596 Killy Street, Lake Forest, California 92630-4619

Basis for perfection:    Mortgage/Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for Example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                $
Amount of the claim that is secured  $    382,569.28
Amount of the claim that is unsecured:    $    0.00          (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:          $    121,636.35

Annual Interest Rate (when case was filed)    4.750          %
☒ Fixed
☐ Variable

10. Is this claim based on a lease?

☒ No
☐ Yes.    Amount necessary to cure any default as of the date of the petition.          $

11. Is this claim subject to a right of setoff?

☒ No
☐ Yes.    Identify the property.

**EXHIBIT A**

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | |
|---|---|---|---|
| | | ☐ Yes. *Check all that apply:* | |

| | | | **Amount entitled to priority** |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\*    Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorized courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    10 / 17/ 2022
                    MM  /  DD  /  YYYY

/s/Joseph Delmotte
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Joseph C. Delmotte | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Title | Attorney | | |
| Company | Aldridge Pite, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4375 Jutland Drive, Suite 200 P.O. Box 17933 | | |
| | Number    Street | | |
| | San Diego, CA 92177-0933 | | |
| | City | State | ZIP Code |
| Contact phone | (858) 750-7600 | Email | jdelmotte@aldridgepite.com |

**EXHIBIT A**
212

**Mortgage Proof of Claim Attachment**                                                                                                  **(12/15)**

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | Part 3: Arrearage as of Date of the Petition | Part 4: Monthly Mortgage Payment |
|---|---|---|---|
| Case number: 8:22-bk-11331-MH | Principal balance: 273,718.09 | Principal & interest due: 85,584.12 | Principal & interest: 1,678.12 |
| | Deferred Principal: 23,550.76 | | |
| Debtor 1: Stacy Odine Corban | Interest due: 52,210.56 | Prepetition fees due: 9,338.43 | Monthly escrow: 592.55 |
| Debtor 2: | Fees, costs due: 9,338.43 | Escrow deficiency for funds advanced: 24,224.18 | Private mortgage insurance: 0.00 |
| Last 4 digits to identify: 4787 | Escrow deficiency for funds advanced: 24,224.18 | Projected escrow shortage: 2,962.36 | Total monthly payment: 2,270.67 |
| Creditor: BANK OF AMERICA, N.A. | Less total funds on hand: - 472.74 | Less funds on hand: - 472.74 | |
| Servicer: Carrington Mortgage Services | Total debt: 382,569.28 | Total prepetition arrearage: 121,636.35 | |
| Fixed accrual/daily simple interest/other: Fixed Accrual | | | |

**Part 5: Loan Payment History from First Date of Default**

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** Date | **B.** Contractual payment amount | **C.** Funds received | **D.** Amount incurred | **E.** Description | **F.** Contractual due date | **G.** Prin, int & esc past due balance | **H.** Amount to principal | **I.** Amount to interest | **J.** Amount to escrow | **K.** Amount to fees or charges | **L.** Unapplied funds | **M.** Principal balance | **N.** Accrued interest balance | **O.** Escrow balance | **P.** Fees / Charges balance | **Q.** Unapplied funds balance |
| | **See attached** | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

Official Form 410                                      Mortgage Proof of Claim Attachment                                      **EXHIBIT A**

Bankruptcy Proof Of Claim - Form B 410A

**Part 5 : Loan Payment History from First Date of Default**

| Date | Contractual Payment amount | Funds Received | Amount Incurred | Description | Contractual Due Date | Prin,int& esc past due balance | Amount to Principal | Amount to Interest | Amount to Escrow | Amount to fees or charges | Unapplied Funds | Principal Balance | Accrued Interest Balance | Escrow Balance | Fees/Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/2015 | $2,298.46 | | $2,298.46 | 01/01/2015 Monthly Payment Incurred | | $2,298.46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $296,091.48 | | $3,269.75 | $0.00 | $0.00 |
| 1/7/2015 | | | | Mortgage Insurance | | $2,298.46 | $0.00 | $0.00 | -$171.00 | $0.00 | $0.00 | $296,091.48 | | $3,098.75 | $0.00 | $0.00 |
| 1/16/2015 | | $2,298.46 | | Payment Received | | $2,298.46 | $0.00 | $0.00 | $0.00 | $0.00 | $2,298.46 | $296,091.48 | | $3,098.75 | $0.00 | $2,298.46 |
| 1/16/2015 | $2,298.46 | | | 01/01/2015 Payment Applied | 2/1/2015 | $0.00 | $506.09 | $1,172.03 | $620.34 | $0.00 | -$2,298.46 | $295,585.39 | | $3,719.09 | $0.00 | $0.00 |
| 1/20/2015 | | | | Escrow Overage Disbursement | | $0.00 | $0.00 | $0.00 | -$3,730.07 | $0.00 | $0.00 | $295,585.39 | | -$10.98 | $0.00 | $0.00 |
| 2/1/2015 | $2,298.46 | | $2,298.46 | 02/01/2015 Monthly Payment Incurred | | $2,298.46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $295,585.39 | | -$10.98 | $0.00 | $0.00 |
| 2/5/2015 | | | | Mortgage Insurance | | $2,298.46 | $0.00 | $0.00 | -$171.00 | $0.00 | $0.00 | $295,585.39 | | -$181.98 | $0.00 | $0.00 |
| 3/1/2015 | $2,343.67 | | $2,343.67 | 03/01/2015 Monthly Payment Incurred | | $4,642.13 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $295,585.39 | | -$181.98 | $0.00 | $0.00 |
| 3/5/2015 | | | | Mortgage Insurance | | $4,642.13 | $0.00 | $0.00 | -$171.00 | $0.00 | $0.00 | $295,585.39 | | -$352.98 | $0.00 | $0.00 |
| 3/24/2015 | | | | County Taxes | | $4,642.13 | $0.00 | $0.00 | -$2,367.28 | $0.00 | $0.00 | $295,585.39 | | -$2,720.26 | $0.00 | $0.00 |
| 4/1/2015 | $2,343.00 | | $2,343.00 | 04/01/2015 Monthly Payment Incurred | | $6,985.13 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $295,585.39 | | -$2,720.26 | $0.00 | $0.00 |
| 4/6/2015 | | | | Mortgage Insurance | | $6,985.13 | $0.00 | $0.00 | -$171.00 | $0.00 | $0.00 | $295,585.39 | | -$2,891.26 | $0.00 | $0.00 |
| 4/10/2015 | | $4,642.13 | | Payment Received | | $6,985.13 | $0.00 | $0.00 | $0.00 | $0.00 | $4,642.13 | $295,585.39 | | -$2,891.26 | $0.00 | $4,642.13 |
| 4/10/2015 | $2,298.46 | | | 02/01/2015 Payment Applied | 3/1/2015 | $4,686.67 | $508.09 | $1,170.03 | $620.34 | $0.00 | -$2,298.46 | $295,077.30 | | -$2,270.92 | $0.00 | $2,343.67 |
| 4/10/2015 | $2,343.67 | | | 03/01/2015 Payment Applied | 4/1/2015 | $2,343.00 | $510.11 | $1,168.01 | $665.55 | $0.00 | -$2,343.67 | $294,567.19 | | -$1,605.37 | $0.00 | $0.00 |
| 5/1/2015 | $2,343.00 | | $2,343.00 | 05/01/2015 Monthly Payment Incurred | | $4,686.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$1,605.37 | $0.00 | $0.00 |
| 5/6/2015 | | | | Mortgage Insurance | | $4,686.00 | $0.00 | $0.00 | -$171.00 | $0.00 | $0.00 | $294,567.19 | | -$1,776.37 | $0.00 | $0.00 |
| 5/28/2015 | | | | Hazard Insurance | | $4,686.00 | $0.00 | $0.00 | -$1,269.15 | $0.00 | $0.00 | $294,567.19 | | -$3,045.52 | $0.00 | $0.00 |
| 6/1/2015 | $2,343.00 | | $2,343.00 | 06/01/2015 Monthly Payment Incurred | | $7,029.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$3,045.52 | $0.00 | $0.00 |
| 6/4/2015 | | | | Mortgage Insurance | | $7,029.00 | $0.00 | $0.00 | -$171.00 | $0.00 | $0.00 | $294,567.19 | | -$3,216.52 | $0.00 | $0.00 |
| 7/1/2015 | $2,343.00 | | $2,343.00 | 07/01/2015 Monthly Payment Incurred | | $9,372.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$3,216.52 | $0.00 | $0.00 |
| 7/6/2015 | | | | Mortgage Insurance | | $9,372.00 | $0.00 | $0.00 | -$171.00 | $0.00 | $0.00 | $294,567.19 | | -$3,387.52 | $0.00 | $0.00 |
| 8/1/2015 | $2,343.00 | | $2,343.00 | 08/01/2015 Monthly Payment Incurred | | $11,715.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$3,387.52 | $0.00 | $0.00 |
| 8/6/2015 | | | | Mortgage Insurance | | $11,715.00 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$3,554.88 | $0.00 | $0.00 |
| 8/18/2015 | | $3,730.07 | | Payment Received | | $11,715.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,730.07 | $294,567.19 | | -$3,554.88 | $0.00 | $3,730.07 |
| 8/18/2015 | | -$3,730.07 | | Escrow Application | | $11,715.00 | $0.00 | $0.00 | $3,730.07 | $0.00 | -$3,730.07 | $294,567.19 | | $175.19 | $0.00 | $0.00 |
| 9/1/2015 | $2,343.67 | | $2,343.67 | 09/01/2015 Monthly Payment Incurred | | $14,058.67 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | $175.19 | $0.00 | $0.00 |
| 9/4/2015 | | | | Mortgage Insurance | | $14,058.67 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | $7.83 | $0.00 | $0.00 |
| 10/1/2015 | $2,342.33 | | $2,342.33 | 10/01/2015 Monthly Payment Incurred | | $16,401.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | $7.83 | $0.00 | $0.00 |
| 10/6/2015 | | | | Mortgage Insurance | | $16,401.00 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$159.53 | $0.00 | $0.00 |
| 11/1/2015 | $2,343.67 | | $2,343.67 | 11/01/2015 Monthly Payment Incurred | | $18,744.67 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$159.53 | $0.00 | $0.00 |
| 11/5/2015 | | | | Mortgage Insurance | | $18,744.67 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$326.89 | $0.00 | $0.00 |
| 12/1/2015 | $2,343.67 | | $2,343.67 | 12/01/2015 Monthly Payment Incurred | | $21,088.34 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$326.89 | $0.00 | $0.00 |
| 12/5/2015 | | | | ATTORNEY FEE | | $21,088.34 | $0.00 | $0.00 | $0.00 | -$685.00 | $0.00 | $294,567.19 | | -$326.89 | -$685.00 | $0.00 |
| 12/5/2015 | | | | FCL TITLE SERVICES | | $21,088.34 | $0.00 | $0.00 | $0.00 | -$627.00 | $0.00 | $294,567.19 | | -$326.89 | -$1,312.00 | $0.00 |
| 12/5/2015 | | | | POST AND PUBLICATION FEE | | $21,088.34 | $0.00 | $0.00 | $0.00 | -$89.53 | $0.00 | $294,567.19 | | -$326.89 | -$1,401.53 | $0.00 |
| 12/5/2015 | | | | PAYMENT SHORTAGE | | $21,088.34 | $0.00 | $0.00 | $0.00 | -$49.22 | $0.00 | $294,567.19 | | -$326.89 | -$1,450.75 | $0.00 |
| 12/11/2015 | | | | Mortgage Insurance | | $21,088.34 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$494.25 | -$1,450.75 | $0.00 |
| 1/1/2016 | $2,342.33 | | $2,342.33 | 01/01/2016 Monthly Payment Incurred | | $23,430.67 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$494.25 | -$1,450.75 | $0.00 |
| 1/5/2016 | | | | Mortgage Insurance | | $23,430.67 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$661.61 | -$1,450.75 | $0.00 |
| 1/8/2016 | | | | FORECLOSURE APPRAISAL | | $23,430.67 | $0.00 | $0.00 | $0.00 | -$395.00 | $0.00 | $294,567.19 | | -$661.61 | -$1,845.75 | $0.00 |
| 2/1/2016 | $2,354.49 | | $2,354.49 | 02/01/2016 Monthly Payment Incurred | | $25,785.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$661.61 | -$1,845.75 | $0.00 |
| 2/5/2016 | | | | Mortgage Insurance | | $25,785.16 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$828.97 | -$1,845.75 | $0.00 |
| 3/1/2016 | $2,343.00 | | $2,343.00 | 03/01/2016 Monthly Payment Incurred | | $28,128.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$828.97 | -$1,845.75 | $0.00 |
| 3/5/2016 | | | | Mortgage Insurance | | $28,128.16 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$996.33 | -$1,845.75 | $0.00 |
| 3/7/2016 | | | | County Taxes | | $28,128.16 | $0.00 | $0.00 | -$2,419.51 | $0.00 | $0.00 | $294,567.19 | | -$3,415.84 | -$1,845.75 | $0.00 |
| 4/1/2016 | $2,343.00 | | $2,343.00 | 04/01/2016 Monthly Payment Incurred | | $30,471.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$3,415.84 | -$1,845.75 | $0.00 |
| 4/4/2016 | | | | PROPERTY INSPECTION FEE | | $30,471.16 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $294,567.19 | | -$3,415.84 | -$1,865.75 | $0.00 |
| 4/5/2016 | | | | Mortgage Insurance | | $30,471.16 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$3,583.20 | -$1,865.75 | $0.00 |
| 5/1/2016 | $2,354.49 | | $2,354.49 | 05/01/2016 Monthly Payment Incurred | | $32,825.65 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | | -$3,583.20 | -$1,865.75 | $0.00 |
| 5/5/2016 | | | | Mortgage Insurance | | $32,825.65 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | | -$3,750.56 | -$1,865.75 | $0.00 |
| 5/18/2016 | | | | Hazard Insurance | | $32,825.65 | $0.00 | $0.00 | -$1,112.15 | $0.00 | $0.00 | $294,567.19 | | -$4,862.71 | -$1,865.75 | $0.00 |

**EXHIBIT A**

Bankruptcy Proof Of Claim - Form B 410A

| Date | Amount | Funds/Incurred | Description | Applied Date | Balance | Principal | Interest | Escrow | Fees | Unapplied | Principal Balance | Col13 | Col14 | Col15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/19/2016 | $1,112.15 | | Payment Received | | $32,825.65 | $0.00 | $0.00 | $0.00 | $0.00 | $1,112.15 | $294,567.19 | -$4,862.71 | -$1,865.75 | $1,112.15 |
| 5/19/2016 | -$1,112.15 | | Escrow Application | | $32,825.65 | $0.00 | $0.00 | $1,112.15 | $0.00 | -$1,112.15 | $294,567.19 | -$3,750.56 | -$1,865.75 | $0.00 |
| 5/20/2016 | | | Hazard Insurance | | $32,825.65 | $0.00 | $0.00 | -$1,112.15 | $0.00 | $0.00 | $294,567.19 | -$4,862.71 | -$1,865.75 | $0.00 |
| 6/1/2016 | $2,343.00 | $2,343.00 | 06/01/2016 Monthly Payment Incurred | | $35,168.65 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | -$4,862.71 | -$1,865.75 | $0.00 |
| 6/4/2016 | | | Mortgage Insurance | | $35,168.65 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | -$5,030.07 | -$1,865.75 | $0.00 |
| 6/20/2016 | | | PROPERTY INSPECTION FEE | | $35,168.65 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $294,567.19 | -$5,030.07 | -$1,885.75 | $0.00 |
| 7/1/2016 | $2,343.00 | $2,343.00 | 07/01/2016 Monthly Payment Incurred | | $37,511.65 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | -$5,030.07 | -$1,885.75 | $0.00 |
| 7/5/2016 | | | Mortgage Insurance | | $37,511.65 | $0.00 | $0.00 | -$167.36 | $0.00 | $0.00 | $294,567.19 | -$5,197.43 | -$1,885.75 | $0.00 |
| 7/18/2016 | | | PROPERTY INSPECTION | | $37,511.65 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $294,567.19 | -$5,197.43 | -$1,905.75 | $0.00 |
| 8/1/2016 | $2,354.49 | $2,354.49 | 08/01/2016 Monthly Payment Incurred | | $39,866.14 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.19 | -$5,197.43 | -$1,905.75 | $0.00 |
| 8/2/2016 | | | PROPERTY INSPECTION | | $39,866.14 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $294,567.19 | -$5,197.43 | -$1,925.75 | $0.00 |
| 8/5/2016 | | | Mortgage Insurance | | $39,866.14 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $294,567.19 | -$5,360.96 | -$1,925.75 | $0.00 |
| 9/1/2016 | $2,343.00 | $2,343.00 | 09/01/2016 Monthly Payment Incurred | | $42,209.14 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.74 | -$5,360.96 | -$1,925.75 | $0.00 |
| 9/2/2016 | | | PROPERTY INSPECTION | | $42,209.14 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $294,567.74 | -$5,360.96 | -$1,945.75 | $0.00 |
| 9/5/2016 | | | Mortgage Insurance | | $42,209.14 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $294,567.74 | -$5,524.49 | -$1,945.75 | $0.00 |
| 10/1/2016 | $2,343.00 | $2,343.00 | 10/01/2016 Monthly Payment Incurred | | $44,552.14 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.74 | -$5,524.49 | -$1,945.75 | $0.00 |
| 10/5/2016 | | | Mortgage Insurance | | $44,552.14 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $294,567.74 | -$5,688.02 | -$1,945.75 | $0.00 |
| 11/1/2016 | $2,343.00 | $2,343.00 | 11/01/2016 Monthly Payment Incurred | | $46,895.14 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.74 | -$5,688.02 | -$1,945.75 | $0.00 |
| 11/5/2016 | | | Mortgage Insurance | | $46,895.14 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $294,567.74 | -$5,851.55 | -$1,945.75 | $0.00 |
| 11/15/2016 | | | County Taxes | | $46,895.14 | $0.00 | $0.00 | -$2,449.21 | $0.00 | $0.00 | $294,567.74 | -$8,300.76 | -$1,945.75 | $0.00 |
| 11/15/2016 | | | PROPERTY INSPECTION | | $46,895.14 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $294,567.74 | -$8,300.76 | -$1,965.75 | $0.00 |
| 11/17/2016 | | | FCL POSTING OF SALE | | $46,895.14 | $0.00 | $0.00 | $0.00 | -$100.00 | $0.00 | $294,567.74 | -$8,300.76 | -$2,065.75 | $0.00 |
| 11/18/2016 | | | FCL CERTIFIED MAIL FEES | | $46,895.14 | $0.00 | $0.00 | $0.00 | -$57.08 | $0.00 | $294,567.74 | -$8,300.76 | -$2,122.83 | $0.00 |
| 11/23/2016 | | | FILING FEES | | $46,895.14 | $0.00 | $0.00 | $0.00 | -$2.50 | $0.00 | $294,567.74 | -$8,300.76 | -$2,125.33 | $0.00 |
| 11/23/2016 | | | FCL RECORDATION COSTS | | $46,895.14 | $0.00 | $0.00 | $0.00 | -$12.00 | $0.00 | $294,567.74 | -$8,300.76 | -$2,137.33 | $0.00 |
| 12/1/2016 | $2,343.00 | $2,343.00 | 12/01/2016 Monthly Payment Incurred | | $49,238.14 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.74 | -$8,300.76 | -$2,137.33 | $0.00 |
| 12/5/2016 | | | Mortgage Insurance | | $49,238.14 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $294,567.74 | -$8,464.29 | -$2,137.33 | $0.00 |
| 12/8/2016 | | | FCL CERTIFIED MAIL FEES | | $49,238.14 | $0.00 | $0.00 | $0.00 | -$19.85 | $0.00 | $294,567.74 | -$8,464.29 | -$2,157.18 | $0.00 |
| 12/12/2016 | | | FCL SHERIFF'S FEES AND COSTS | | $49,238.14 | $0.00 | $0.00 | $0.00 | -$240.00 | $0.00 | $294,567.74 | -$8,464.29 | -$2,397.18 | $0.00 |
| 1/1/2017 | $2,280.10 | $2,280.10 | 01/01/2017 Monthly Payment Incurred | | $51,518.24 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.74 | -$8,464.29 | -$2,397.18 | $0.00 |
| 1/5/2017 | | | Mortgage Insurance | | $51,518.24 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $294,567.74 | -$8,627.82 | -$2,397.18 | $0.00 |
| 2/1/2017 | $2,280.10 | $2,280.10 | 02/01/2017 Monthly Payment Incurred | | $53,798.34 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,567.74 | -$8,627.82 | -$2,397.18 | $0.00 |
| 2/4/2017 | | | Mortgage Insurance | | $53,798.34 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $294,567.74 | -$8,791.35 | -$2,397.18 | $0.00 |
| 2/14/2017 | | $2,343.00 | Payment Received | | $53,798.34 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $294,567.74 | -$8,791.35 | -$2,397.18 | $2,343.00 |
| 2/14/2017 | $2,343.00 | | 04/01/2015 Payment Applied | 5/1/2015 | $51,455.34 | $511.45 | $1,166.00 | $665.55 | $0.00 | -$2,343.00 | $294,055.74 | -$8,125.80 | -$2,397.18 | $0.00 |
| 3/1/2017 | $2,280.10 | $2,280.10 | 03/01/2017 Monthly Payment Incurred | | $53,735.44 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $294,055.74 | -$8,125.80 | -$2,397.18 | $0.00 |
| 3/4/2017 | | | Mortgage Insurance | | $53,735.44 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $294,055.74 | -$8,289.33 | -$2,397.18 | $0.00 |
| 3/9/2017 | | | County Taxes | | $53,735.44 | $0.00 | $0.00 | -$2,449.21 | $0.00 | $0.00 | $294,055.74 | -$10,738.54 | -$2,397.18 | $0.00 |
| 3/22/2017 | | $4,686.00 | Payment Received | | $53,735.44 | $0.00 | $0.00 | $0.00 | $0.00 | $4,686.00 | $294,055.74 | -$10,738.54 | -$2,397.18 | $4,686.00 |
| 3/22/2017 | $2,343.00 | | 05/01/2015 Payment Applied | 6/1/2015 | $51,392.44 | $513.48 | $1,163.97 | $665.55 | $0.00 | -$2,343.00 | $293,542.26 | -$10,072.99 | -$2,397.18 | $2,343.00 |
| 3/22/2017 | $2,343.00 | | 06/01/2015 Payment Applied | 7/1/2015 | $49,049.44 | $515.51 | $1,161.94 | $665.55 | $0.00 | -$2,343.00 | $293,026.75 | -$9,407.44 | -$2,397.18 | $0.00 |
| 4/1/2017 | $2,280.10 | $2,280.10 | 04/01/2017 Monthly Payment Incurred | | $51,329.54 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $293,026.75 | -$9,407.44 | -$2,397.18 | $0.00 |
| 4/5/2017 | | | Mortgage Insurance | | $51,329.54 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $293,026.75 | -$9,570.97 | -$2,397.18 | $0.00 |
| 4/11/2017 | | $2,343.00 | Payment Received | | $51,329.54 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $293,026.75 | -$9,570.97 | -$2,397.18 | $2,343.00 |
| 4/11/2017 | $2,343.00 | | 07/01/2015 Payment Applied | 8/1/2015 | $48,986.54 | $517.55 | $1,159.90 | $665.55 | $0.00 | -$2,343.00 | $292,509.20 | -$8,905.42 | -$2,397.18 | $0.00 |
| 4/27/2017 | | $131.09 | Payment Received | | $48,986.54 | $0.00 | $0.00 | $0.00 | $0.00 | $131.09 | $292,509.20 | -$8,905.42 | -$2,397.18 | $131.09 |
| 5/1/2017 | $2,280.10 | $2,280.10 | 05/01/2017 Monthly Payment Incurred | | $51,266.64 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $292,509.20 | -$8,905.42 | -$2,397.18 | $131.09 |
| 5/5/2017 | | | Mortgage Insurance | | $51,266.64 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $292,509.20 | -$9,068.95 | -$2,397.18 | $131.09 |
| 5/22/2017 | | | Hazard Insurance | | $51,266.64 | $0.00 | $0.00 | -$1,226.15 | $0.00 | $0.00 | $292,509.20 | -$10,295.10 | -$2,397.18 | $131.09 |
| 6/1/2017 | $2,280.10 | $2,280.10 | 06/01/2017 Monthly Payment Incurred | | $53,546.74 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $292,509.20 | -$10,295.10 | -$2,397.18 | $131.09 |
| 6/5/2017 | | | Mortgage Insurance | | $53,546.74 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $292,509.20 | -$10,458.63 | -$2,397.18 | $131.09 |
| 6/7/2017 | | $2,343.00 | Payment Received | | $53,546.74 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $292,509.20 | -$10,458.63 | -$2,397.18 | $2,474.09 |
| 6/7/2017 | $2,343.00 | | 08/01/2015 Payment Applied | 9/1/2015 | $51,203.74 | $519.60 | $1,157.85 | $665.55 | $0.00 | -$2,343.00 | $291,989.60 | -$9,793.08 | -$2,397.18 | $131.09 |
| 7/1/2017 | $2,342.53 | $2,342.53 | 07/01/2017 Monthly Payment Incurred | | $53,546.27 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $291,989.60 | -$9,793.08 | -$2,397.18 | $131.09 |
| 7/5/2017 | | | Mortgage Insurance | | $53,546.27 | $0.00 | $0.00 | -$163.53 | $0.00 | $0.00 | $291,989.60 | -$9,956.61 | -$2,397.18 | $131.09 |
| 7/31/2017 | | $877.03 | Payment Received | | $53,546.27 | $0.00 | $0.00 | $0.00 | $0.00 | $877.03 | $291,989.60 | -$9,956.61 | -$2,397.18 | $1,008.12 |
| 8/1/2017 | $2,342.53 | $2,342.53 | 08/01/2017 Monthly Payment Incurred | | $55,888.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $291,989.60 | -$9,956.61 | -$2,397.18 | $1,008.12 |

**EXHIBIT A**

Bankruptcy Proof Of Claim - Form B 410A

| Date | | | | Description | Due Date | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/5/2017 | | | | Mortgage Insurance | | $55,888.80 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $291,989.60 | -$10,116.11 | -$2,397.18 | $1,008.12 |
| 8/11/2017 | | $4,686.00 | | Payment Received | | $55,888.80 | $0.00 | $0.00 | $0.00 | $0.00 | $4,686.00 | $291,989.60 | -$10,116.11 | -$2,397.18 | $5,694.12 |
| 8/11/2017 | $2,343.67 | | | 09/01/2015 Payment Applied | 10/1/2015 | $53,545.13 | $522.33 | $1,155.79 | $665.55 | $0.00 | -$2,343.67 | $291,467.27 | -$9,450.56 | -$2,397.18 | $3,350.45 |
| 8/11/2017 | $2,342.33 | | | 10/01/2015 Payment Applied | 11/1/2015 | $51,202.80 | $523.06 | $1,153.72 | $665.55 | $0.00 | -$2,342.33 | $290,944.21 | -$8,785.01 | -$2,397.18 | $1,008.12 |
| 9/1/2017 | $2,342.53 | | $2,342.53 | 09/01/2017 Monthly Payment Incurred | | $53,545.33 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $290,944.21 | -$8,944.51 | -$2,397.18 | $1,008.12 |
| 9/5/2017 | | | | Mortgage Insurance | | $53,545.33 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $290,944.21 | -$8,944.51 | -$2,397.18 | $1,008.12 |
| 9/25/2017 | | $3,440.80 | | Payment Received | | $53,545.33 | $0.00 | $0.00 | $0.00 | $0.00 | $3,440.80 | $290,944.21 | -$8,944.51 | -$2,397.18 | $4,448.92 |
| 9/25/2017 | $2,343.67 | | | 11/01/2015 Payment Applied | 12/1/2015 | $51,201.66 | $526.47 | $1,151.65 | $665.55 | $0.00 | -$2,343.67 | $290,417.74 | -$8,278.96 | -$2,397.18 | $2,105.25 |
| 9/26/2017 | $2,343.67 | | | Reversal | 11/1/2015 | $53,545.33 | -$526.47 | -$1,151.65 | -$665.55 | $0.00 | $2,343.67 | $290,944.21 | -$8,944.51 | -$2,397.18 | $4,448.92 |
| 9/27/2017 | $2,343.67 | | | 11/01/2015 Payment Applied | 12/1/2015 | $51,201.66 | $526.47 | $1,151.65 | $665.55 | $0.00 | -$2,343.67 | $290,417.74 | -$8,278.96 | -$2,397.18 | $2,105.25 |
| 10/1/2017 | $2,342.53 | | $2,342.53 | 10/01/2017 Monthly Payment Incurred | | $53,544.19 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $290,417.74 | -$8,278.96 | -$2,397.18 | $2,105.25 |
| 10/5/2017 | | | | Mortgage Insurance | | $53,544.19 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $290,417.74 | -$8,438.46 | -$2,397.18 | $2,105.25 |
| 10/19/2017 | | $4,686.00 | | Payment Received | | $53,544.19 | $0.00 | $0.00 | $0.00 | $0.00 | $4,686.00 | $290,417.74 | -$8,438.46 | -$2,397.18 | $6,791.25 |
| 10/19/2017 | $2,343.67 | | | 12/01/2015 Payment Applied | 1/1/2016 | $51,200.52 | $528.55 | $1,149.57 | $665.55 | $0.00 | -$2,343.67 | $289,889.19 | -$7,772.91 | -$2,397.18 | $4,447.58 |
| 10/19/2017 | $2,342.33 | | | 01/01/2016 Payment Applied | 2/1/2016 | $48,858.19 | $529.30 | $1,147.48 | $665.55 | $0.00 | -$2,342.33 | $289,359.89 | -$7,107.36 | -$2,397.18 | $2,105.25 |
| 11/1/2017 | $2,342.53 | | $2,342.53 | 11/01/2017 Monthly Payment Incurred | | $51,200.72 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $289,359.89 | -$7,107.36 | -$2,397.18 | $2,105.25 |
| 11/4/2017 | | | | Mortgage Insurance | | $51,200.72 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $289,359.89 | -$7,266.86 | -$2,397.18 | $2,105.25 |
| 11/9/2017 | | | | County Taxes | | $51,200.72 | $0.00 | $0.00 | -$2,490.37 | $0.00 | $0.00 | $289,359.89 | -$9,757.23 | -$2,397.18 | $2,105.25 |
| 11/27/2017 | | $1,724.14 | | Payment Received | | $51,200.72 | $0.00 | $0.00 | $0.00 | $0.00 | $1,724.14 | $289,359.89 | -$9,757.23 | -$2,397.18 | $3,829.39 |
| 11/27/2017 | $2,354.49 | | | 02/01/2016 Payment Applied | 3/1/2016 | $48,846.23 | $532.74 | $1,145.38 | $676.37 | $0.00 | -$2,354.49 | $288,827.15 | -$9,080.86 | -$2,397.18 | $1,474.90 |
| 12/1/2017 | $2,342.53 | | $2,342.53 | 12/01/2017 Monthly Payment Incurred | | $51,188.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $288,827.15 | -$9,080.86 | -$2,397.18 | $1,474.90 |
| 12/5/2017 | | | | Mortgage Insurance | | $51,188.76 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $288,827.15 | -$9,240.36 | -$2,397.18 | $1,474.90 |
| 1/1/2018 | $2,342.53 | | $2,342.53 | 01/01/2018 Monthly Payment Incurred | | $53,531.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $288,827.15 | -$9,240.36 | -$2,397.18 | $1,474.90 |
| 1/2/2018 | | $4,686.00 | | Payment Received | | $53,531.29 | $0.00 | $0.00 | $0.00 | $0.00 | $4,686.00 | $288,827.15 | -$9,240.36 | -$2,397.18 | $6,160.90 |
| 1/2/2018 | $2,343.00 | | | 03/01/2016 Payment Applied | 4/1/2016 | $51,188.29 | $523.36 | $1,143.27 | $676.37 | $0.00 | -$2,343.00 | $288,303.79 | -$8,563.99 | -$2,397.18 | $3,817.90 |
| 1/2/2018 | $2,343.00 | | | 04/01/2016 Payment Applied | 5/1/2016 | $48,845.29 | $525.43 | $1,141.20 | $676.37 | $0.00 | -$2,343.00 | $287,778.36 | -$7,887.62 | -$2,397.18 | $1,474.90 |
| 1/5/2018 | | | | Mortgage Insurance | | $48,845.29 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $287,778.36 | -$8,047.12 | -$2,397.18 | $1,474.90 |
| 2/1/2018 | $2,342.53 | | $2,342.53 | 02/01/2018 Monthly Payment Incurred | | $51,187.82 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $287,778.36 | -$8,047.12 | -$2,397.18 | $1,474.90 |
| 2/2/2018 | | $1,724.14 | | Payment Received | | $51,187.82 | $0.00 | $0.00 | $0.00 | $0.00 | $1,724.14 | $287,778.36 | -$8,047.12 | -$2,397.18 | $3,199.04 |
| 2/2/2018 | $2,354.49 | | | 05/01/2016 Payment Applied | 6/1/2016 | $48,833.33 | $539.00 | $1,139.12 | $676.37 | $0.00 | -$2,354.49 | $287,239.36 | -$7,370.75 | -$2,397.18 | $844.55 |
| 2/5/2018 | | | | Mortgage Insurance | | $48,833.33 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $287,239.36 | -$7,530.25 | -$2,397.18 | $844.55 |
| 2/23/2018 | | $4,686.00 | | Payment Received | | $48,833.33 | $0.00 | $0.00 | $0.00 | $0.00 | $4,686.00 | $287,239.36 | -$7,530.25 | -$2,397.18 | $5,530.55 |
| 2/23/2018 | $2,343.00 | | | 06/01/2016 Payment Applied | 7/1/2016 | $46,490.33 | $529.64 | $1,136.99 | $676.37 | $0.00 | -$2,343.00 | $286,709.72 | -$6,853.88 | -$2,397.18 | $3,187.55 |
| 2/23/2018 | $2,343.00 | | | 07/01/2016 Payment Applied | 8/1/2016 | $44,147.33 | $531.74 | $1,134.89 | $676.37 | $0.00 | -$2,343.00 | $286,177.98 | -$6,177.51 | -$2,397.18 | $844.55 |
| 3/1/2018 | $2,342.53 | | $2,342.53 | 03/01/2018 Monthly Payment Incurred | | $46,489.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $286,177.98 | -$6,177.51 | -$2,397.18 | $844.55 |
| 3/5/2018 | | | | Mortgage Insurance | | $46,489.86 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $286,177.98 | -$6,337.01 | -$2,397.18 | $844.55 |
| 3/8/2018 | | | | County Taxes | | $46,489.86 | $0.00 | $0.00 | -$2,490.37 | $0.00 | $0.00 | $286,177.98 | -$8,827.38 | -$2,397.18 | $844.55 |
| 3/27/2018 | | $2,586.21 | | Payment Received | | $46,489.86 | $0.00 | $0.00 | $0.00 | $0.00 | $2,586.21 | $286,177.98 | -$8,827.38 | -$2,397.18 | $3,430.76 |
| 3/27/2018 | $2,354.49 | | | 08/01/2016 Payment Applied | 9/1/2016 | $44,135.37 | $545.33 | $1,132.79 | $676.37 | $0.00 | -$2,354.49 | $285,632.65 | -$8,151.01 | -$2,397.18 | $1,076.27 |
| 4/1/2018 | $2,342.53 | | $2,342.53 | 04/01/2018 Monthly Payment Incurred | | $46,477.90 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $285,632.65 | -$8,151.01 | -$2,397.18 | $1,076.27 |
| 4/5/2018 | | | | Mortgage Insurance | | $46,477.90 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $285,632.65 | -$8,310.51 | -$2,397.18 | $1,076.27 |
| 4/23/2018 | | $2,343.00 | | Payment Received | | $46,477.90 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $285,632.65 | -$8,310.51 | -$2,397.18 | $3,419.27 |
| 4/23/2018 | $2,343.00 | | | 09/01/2016 Payment Applied | 10/1/2016 | $44,134.90 | $536.00 | $1,130.63 | $676.37 | $0.00 | -$2,343.00 | $285,096.65 | -$7,634.14 | -$2,397.18 | $1,076.27 |
| 4/27/2018 | | | | FILING FEES | | $44,134.90 | $0.00 | $0.00 | $0.00 | -$181.00 | $0.00 | $285,096.65 | -$7,634.14 | -$2,578.18 | $1,076.27 |
| 4/27/2018 | | | | MOTION FOR RELIEF FEES | | $44,134.90 | $0.00 | $0.00 | $0.00 | -$850.00 | $0.00 | $285,096.65 | -$7,634.14 | -$3,428.18 | $1,076.27 |
| 5/1/2018 | $2,342.53 | | $2,342.53 | 05/01/2018 Monthly Payment Incurred | | $46,477.43 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $285,096.65 | -$7,634.14 | -$3,428.18 | $1,076.27 |
| 5/3/2018 | | $2,343.00 | | Payment Received | | $46,477.43 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $285,096.65 | -$7,634.14 | -$3,428.18 | $3,419.27 |
| 5/3/2018 | $2,343.00 | | | 10/01/2016 Payment Applied | 11/1/2016 | $44,134.43 | $538.12 | $1,128.51 | $676.37 | $0.00 | -$2,343.00 | $284,558.53 | -$6,957.77 | -$3,428.18 | $1,076.27 |
| 5/5/2018 | | | | Mortgage Insurance | | $44,134.43 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $284,558.53 | -$7,117.27 | -$3,428.18 | $1,076.27 |
| 5/21/2018 | | $2,343.00 | | Payment Received | | $44,134.43 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $284,558.53 | -$7,117.27 | -$3,428.18 | $3,419.27 |
| 5/21/2018 | $2,343.00 | | | 11/01/2016 Payment Applied | 12/1/2016 | $41,791.43 | $540.25 | $1,126.38 | $676.37 | $0.00 | -$2,343.00 | $284,018.28 | -$6,440.90 | -$3,428.18 | $1,076.27 |
| 5/29/2018 | | $4,686.00 | | Payment Received | | $41,791.43 | $0.00 | $0.00 | $0.00 | $0.00 | $4,686.00 | $284,018.28 | -$6,440.90 | -$3,428.18 | $5,762.27 |
| 5/29/2018 | $2,343.00 | | | 12/01/2016 Payment Applied | 1/1/2017 | $39,448.43 | $542.39 | $1,124.24 | $676.37 | $0.00 | -$2,343.00 | $283,475.89 | -$5,764.53 | -$3,428.18 | $3,419.27 |
| 5/29/2018 | $2,280.10 | | | 01/01/2017 Payment Applied | 2/1/2017 | $37,168.33 | $556.03 | $1,122.09 | $601.98 | $0.00 | -$2,280.10 | $282,919.86 | -$5,162.55 | -$3,428.18 | $1,139.17 |
| 6/1/2018 | $2,342.53 | | $2,342.53 | 06/01/2018 Monthly Payment Incurred | | $39,510.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $282,919.86 | -$5,162.55 | -$3,428.18 | $1,139.17 |
| 6/5/2018 | | $1,724.14 | | Payment Received | | $39,510.86 | $0.00 | $0.00 | $0.00 | $0.00 | $1,724.14 | $282,919.86 | -$5,162.55 | -$3,428.18 | $2,863.31 |
| 6/5/2018 | $2,280.10 | | | 02/01/2017 Payment Applied | 3/1/2017 | $37,230.76 | $558.23 | $1,119.89 | $601.98 | $0.00 | -$2,280.10 | $282,361.63 | -$4,560.57 | -$3,428.18 | $583.21 |

**EXHIBIT A**

Bankruptcy Proof Of Claim - Form B 410A

| Date | Amount Due | Amount Received | Description | Applied Date | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/5/2018 | | | Mortgage Insurance | | $37,230.76 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $282,361.63 | -$4,720.07 | -$3,428.18 | $583.21 |
| 6/20/2018 | | | Hazard Insurance | | $37,230.76 | $0.00 | $0.00 | -$1,057.15 | $0.00 | $0.00 | $282,361.63 | -$5,777.22 | -$3,428.18 | $583.21 |
| 7/1/2018 | $2,354.86 | $2,354.86 | 07/01/2018 Monthly Payment Incurred | | $39,585.62 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $282,361.63 | -$5,777.22 | -$3,428.18 | $583.21 |
| 7/5/2018 | | | Mortgage Insurance | | $39,585.62 | $0.00 | $0.00 | -$159.50 | $0.00 | $0.00 | $282,361.63 | -$5,936.72 | -$3,428.18 | $583.21 |
| 7/30/2018 | | $848.51 | Payment Received | | $39,585.62 | $0.00 | $0.00 | $0.00 | $0.00 | $848.51 | $282,361.63 | -$5,936.72 | -$3,428.18 | $1,431.72 |
| 8/1/2018 | $2,354.86 | $2,354.86 | 08/01/2018 Monthly Payment Incurred | | $41,940.48 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $282,361.63 | -$5,936.72 | -$3,428.18 | $1,431.72 |
| 8/2/2018 | | $2,343.00 | Payment Received | | $41,940.48 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $282,361.63 | -$5,936.72 | -$3,428.18 | $3,774.72 |
| 8/2/2018 | $2,280.10 | | 03/01/2017 Payment Applied | 4/1/2017 | $39,660.38 | $560.44 | $1,117.68 | $601.98 | $0.00 | -$2,280.10 | $281,801.19 | -$5,334.74 | -$3,428.18 | $1,494.62 |
| 8/4/2018 | | | Mortgage Insurance | | $39,660.38 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $281,801.19 | -$5,490.01 | -$3,428.18 | $1,494.62 |
| 9/1/2018 | $2,354.86 | $2,354.86 | 09/01/2018 Monthly Payment Incurred | | $42,015.24 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $281,801.19 | -$5,490.01 | -$3,428.18 | $1,494.62 |
| 9/5/2018 | | | Mortgage Insurance | | $42,015.24 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $281,801.19 | -$5,645.28 | -$3,428.18 | $1,494.62 |
| 9/12/2018 | | $2,343.00 | Payment Received | | $42,015.24 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $281,801.19 | -$5,645.28 | -$3,428.18 | $3,837.62 |
| 9/12/2018 | $2,280.10 | | 04/01/2017 Payment Applied | 5/1/2017 | $39,735.14 | $562.66 | $1,115.46 | $601.98 | $0.00 | -$2,280.10 | $281,238.53 | -$5,043.30 | -$3,428.18 | $1,557.52 |
| 9/28/2018 | | $557.02 | Payment Received | | $39,735.14 | $0.00 | $0.00 | $0.00 | $0.00 | $557.02 | $281,238.53 | -$5,043.30 | -$3,428.18 | $2,114.54 |
| 10/1/2018 | $2,354.86 | $2,354.86 | 10/01/2018 Monthly Payment Incurred | | $42,090.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $281,238.53 | -$5,043.30 | -$3,428.18 | $2,114.54 |
| 10/5/2018 | | | Mortgage Insurance | | $42,090.00 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $281,238.53 | -$5,198.57 | -$3,428.18 | $2,114.54 |
| 10/12/2018 | | $2,343.00 | Payment Received | | $42,090.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $281,238.53 | -$5,198.57 | -$3,428.18 | $4,457.54 |
| 10/12/2018 | $2,280.10 | | 05/01/2017 Payment Applied | 6/1/2017 | $39,809.90 | $564.88 | $1,113.24 | $601.98 | $0.00 | -$2,280.10 | $280,673.65 | -$4,596.59 | -$3,428.18 | $2,177.44 |
| 10/26/2018 | | $848.51 | Payment Received | | $39,809.90 | $0.00 | $0.00 | $0.00 | $0.00 | $848.51 | $280,673.65 | -$4,596.59 | -$3,428.18 | $3,025.95 |
| 10/26/2018 | $2,280.10 | | 06/01/2017 Payment Applied | 7/1/2017 | $37,529.80 | $567.12 | $1,111.00 | $601.98 | $0.00 | -$2,280.10 | $280,106.53 | -$3,994.61 | -$3,428.18 | $745.85 |
| 11/1/2018 | $2,354.86 | $2,354.86 | 11/01/2018 Monthly Payment Incurred | | $39,884.66 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $280,106.53 | -$3,994.61 | -$3,428.18 | $745.85 |
| 11/5/2018 | | | Mortgage Insurance | | $39,884.66 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $280,106.53 | -$4,149.88 | -$3,428.18 | $745.85 |
| 11/15/2018 | | | County Taxes | | $39,884.66 | $0.00 | $0.00 | -$2,541.02 | $0.00 | $0.00 | $280,106.53 | -$6,690.90 | -$3,428.18 | $745.85 |
| 11/26/2018 | | $7,029.00 | Payment Received | | $39,884.66 | $0.00 | $0.00 | $0.00 | $0.00 | $7,029.00 | $280,106.53 | -$6,690.90 | -$3,428.18 | $7,774.85 |
| 11/26/2018 | $2,342.53 | | 07/01/2017 Payment Applied | 8/1/2017 | $37,542.13 | $569.36 | $1,108.76 | $664.41 | $0.00 | -$2,342.53 | $279,537.17 | -$6,026.49 | -$3,428.18 | $5,432.32 |
| 11/26/2018 | $2,342.53 | | 08/01/2017 Payment Applied | 9/1/2017 | $35,199.60 | $571.62 | $1,106.50 | $664.41 | $0.00 | -$2,342.53 | $278,965.55 | -$5,362.08 | -$3,428.18 | $3,089.79 |
| 11/26/2018 | $2,342.53 | | 09/01/2017 Payment Applied | 10/1/2017 | $32,857.07 | $573.88 | $1,104.24 | $664.41 | $0.00 | -$2,342.53 | $278,391.67 | -$4,697.67 | -$3,428.18 | $747.26 |
| 12/1/2018 | $2,354.86 | $2,354.86 | 12/01/2018 Monthly Payment Incurred | | $35,211.93 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $278,391.67 | -$4,697.67 | -$3,428.18 | $747.26 |
| 12/5/2018 | | | Mortgage Insurance | | $35,211.93 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $278,391.67 | -$4,852.94 | -$3,428.18 | $747.26 |
| 1/1/2019 | $2,354.86 | $2,354.86 | 01/01/2019 Monthly Payment Incurred | | $37,566.79 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $278,391.67 | -$4,852.94 | -$3,428.18 | $747.26 |
| 1/2/2019 | | $1,687.68 | Payment Received | | $37,566.79 | $0.00 | $0.00 | $0.00 | $0.00 | $1,687.68 | $278,391.67 | -$4,852.94 | -$3,428.18 | $2,434.94 |
| 1/5/2019 | | | Mortgage Insurance | | $37,566.79 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $278,391.67 | -$5,008.21 | -$3,428.18 | $2,434.94 |
| 2/1/2019 | $2,354.86 | $2,354.86 | 02/01/2019 Monthly Payment Incurred | | $39,921.65 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $278,391.67 | -$5,008.21 | -$3,428.18 | $2,434.94 |
| 2/5/2019 | | | Mortgage Insurance | | $39,921.65 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $278,391.67 | -$5,163.48 | -$3,428.18 | $2,434.94 |
| 3/1/2019 | $2,354.86 | $2,354.86 | 03/01/2019 Monthly Payment Incurred | | $42,276.51 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $278,391.67 | -$5,163.48 | -$3,428.18 | $2,434.94 |
| 3/5/2019 | | | Mortgage Insurance | | $42,276.51 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $278,391.67 | -$5,318.75 | -$3,428.18 | $2,434.94 |
| 3/14/2019 | | | County Taxes | | $42,276.51 | $0.00 | $0.00 | -$2,541.02 | $0.00 | $0.00 | $278,391.67 | -$7,859.77 | -$3,428.18 | $2,434.94 |
| 4/1/2019 | $2,354.86 | $2,354.86 | 04/01/2019 Monthly Payment Incurred | | $44,631.37 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $278,391.67 | -$7,859.77 | -$3,428.18 | $2,434.94 |
| 4/5/2019 | | | Mortgage Insurance | | $44,631.37 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $278,391.67 | -$8,015.04 | -$3,428.18 | $2,434.94 |
| 4/9/2019 | | | FILING FEES | | $44,631.37 | $0.00 | $0.00 | $0.00 | -$181.00 | $0.00 | $278,391.67 | -$8,015.04 | -$3,609.18 | $2,434.94 |
| 4/9/2019 | | | MOTION FOR RELIEF FEES | | $44,631.37 | $0.00 | $0.00 | $0.00 | -$850.00 | $0.00 | $278,391.67 | -$8,015.04 | -$4,459.18 | $2,434.94 |
| 4/30/2019 | | $9,372.00 | Payment Received | | $44,631.37 | $0.00 | $0.00 | $0.00 | $0.00 | $9,372.00 | $278,391.67 | -$8,015.04 | -$4,459.18 | $11,806.94 |
| 4/30/2019 | $2,342.53 | | 10/01/2017 Payment Applied | 11/1/2017 | $42,288.84 | $576.15 | $1,101.97 | $664.41 | $0.00 | -$2,342.53 | $277,815.52 | -$7,350.63 | -$4,459.18 | $9,464.41 |
| 4/30/2019 | $2,342.53 | | 11/01/2017 Payment Applied | 12/1/2017 | $39,946.31 | $578.43 | $1,099.69 | $664.41 | $0.00 | -$2,342.53 | $277,237.09 | -$6,686.22 | -$4,459.18 | $7,121.88 |
| 4/30/2019 | $2,342.53 | | 12/01/2017 Payment Applied | 1/1/2018 | $37,603.78 | $580.72 | $1,097.40 | $664.41 | $0.00 | -$2,342.53 | $276,656.37 | -$6,021.81 | -$4,459.18 | $4,779.35 |
| 4/30/2019 | $2,342.53 | | 01/01/2018 Payment Applied | 2/1/2018 | $35,261.25 | $583.02 | $1,095.10 | $664.41 | $0.00 | -$2,342.53 | $276,073.35 | -$5,357.40 | -$4,459.18 | $2,436.82 |
| 5/1/2019 | $2,354.86 | $2,354.86 | 05/01/2019 Monthly Payment Incurred | | $37,616.11 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $276,073.35 | -$5,357.40 | -$4,459.18 | $2,436.82 |
| 5/4/2019 | | | Mortgage Insurance | | $37,616.11 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $276,073.35 | -$5,512.67 | -$4,459.18 | $2,436.82 |
| 5/20/2019 | | | Hazard Insurance | | $37,616.11 | $0.00 | $0.00 | -$1,091.15 | $0.00 | $0.00 | $276,073.35 | -$6,603.82 | -$4,459.18 | $2,436.82 |
| 6/1/2019 | $2,354.86 | $2,354.86 | 06/01/2019 Monthly Payment Incurred | | $39,970.97 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $276,073.35 | -$6,603.82 | -$4,459.18 | $2,436.82 |
| 6/5/2019 | | | Mortgage Insurance | | $39,970.97 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $276,073.35 | -$6,759.09 | -$4,459.18 | $2,436.82 |
| 6/11/2019 | | $2,343.00 | Payment Received | | $39,970.97 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.00 | $276,073.35 | -$6,759.09 | -$4,459.18 | $4,779.82 |
| 6/11/2019 | $2,342.53 | | 02/01/2018 Payment Applied | 3/1/2018 | $37,628.44 | $585.33 | $1,092.79 | $664.41 | $0.00 | -$2,342.53 | $275,488.02 | -$6,094.68 | -$4,459.18 | $2,437.29 |
| 6/28/2019 | | $5,063.04 | Payment Received | | $37,628.44 | $0.00 | $0.00 | $0.00 | $0.00 | $5,063.04 | $275,488.02 | -$6,094.68 | -$4,459.18 | $7,500.33 |
| 6/28/2019 | $2,342.53 | | 03/01/2018 Payment Applied | 4/1/2018 | $35,285.91 | $587.65 | $1,090.47 | $664.41 | $0.00 | -$2,342.53 | $274,900.37 | -$5,430.27 | -$4,459.18 | $5,157.80 |
| 6/28/2019 | $2,342.53 | | 04/01/2018 Payment Applied | 5/1/2018 | $32,943.38 | $589.97 | $1,088.15 | $664.41 | $0.00 | -$2,342.53 | $274,310.40 | -$4,765.86 | -$4,459.18 | $2,815.27 |
| 7/1/2019 | $2,254.41 | $2,254.41 | 07/01/2019 Monthly Payment Incurred | | $35,197.79 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $274,310.40 | -$4,765.86 | -$4,459.18 | $2,815.27 |

**EXHIBIT A**

Bankruptcy Proof Of Claim - Form B 410A

| Date | Amount | Amount | Description | Date Applied | Col1 | Col2 | Col3 | Col4 | Col5 | Col6 | Col7 | Col8 | Col9 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/5/2019 | | | Mortgage Insurance | | $35,197.79 | $0.00 | $0.00 | -$155.27 | $0.00 | $0.00 | $274,310.40 | -$4,921.13 | -$4,459.18 | $2,815.27 |
| 8/1/2019 | $2,254.41 | $2,254.41 | 08/01/2019 Monthly Payment Incurred | | $37,452.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $274,310.40 | -$4,921.13 | -$4,459.18 | $2,815.27 |
| 8/5/2019 | | | Mortgage Insurance | | $37,452.20 | $0.00 | $0.00 | -$150.83 | $0.00 | $0.00 | $274,310.40 | -$5,071.96 | -$4,459.18 | $2,815.27 |
| 9/1/2019 | $2,254.41 | $2,254.41 | 09/01/2019 Monthly Payment Incurred | | $39,706.61 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $274,310.40 | -$5,071.96 | -$4,459.18 | $2,815.27 |
| 9/5/2019 | | | Mortgage Insurance | | $39,706.61 | $0.00 | $0.00 | -$150.83 | $0.00 | $0.00 | $274,310.40 | -$5,222.79 | -$4,459.18 | $2,815.27 |
| 10/1/2019 | $2,254.41 | $2,254.41 | 10/01/2019 Monthly Payment Incurred | | $41,961.02 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $274,310.40 | -$5,222.79 | -$4,459.18 | $2,815.27 |
| 10/5/2019 | | | Mortgage Insurance | | $41,961.02 | $0.00 | $0.00 | -$150.83 | $0.00 | $0.00 | $274,310.40 | -$5,373.62 | -$4,459.18 | $2,815.27 |
| 10/31/2019 | | | FILING FEES | | $41,961.02 | $0.00 | $0.00 | -$181.00 | $0.00 | $0.00 | $274,310.40 | -$5,373.62 | -$4,640.18 | $2,815.27 |
| 10/31/2019 | | | MOTION FOR RELIEF FEES | | $41,961.02 | $0.00 | $0.00 | $0.00 | -$850.00 | $0.00 | $274,310.40 | -$5,373.62 | -$5,490.18 | $2,815.27 |
| 11/1/2019 | $2,254.41 | $2,254.41 | 11/01/2019 Monthly Payment Incurred | | $44,215.43 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $274,310.40 | -$5,373.62 | -$5,490.18 | $2,815.27 |
| 11/13/2019 | | | County Taxes | | $44,215.43 | $0.00 | $0.00 | -$2,589.36 | $0.00 | $0.00 | $274,310.40 | -$7,962.98 | -$5,490.18 | $2,815.27 |
| 12/1/2019 | $2,254.41 | $2,254.41 | 12/01/2019 Monthly Payment Incurred | | $46,469.84 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $274,310.40 | -$7,962.98 | -$5,490.18 | $2,815.27 |
| 1/1/2020 | $2,254.41 | $2,254.41 | 01/01/2020 Monthly Payment Incurred | | $48,724.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $274,310.40 | -$7,962.98 | -$5,490.18 | $2,815.27 |
| 1/31/2020 | $2,342.53 | | 05/01/2018 Payment Applied | 6/1/2018 | $46,381.72 | $592.31 | $1,085.81 | $664.41 | $0.00 | -$2,342.53 | $273,718.09 | -$7,298.57 | -$5,490.18 | $472.74 |
| 2/1/2020 | $2,254.41 | $2,254.41 | 02/01/2020 Monthly Payment Incurred | | $48,636.13 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$5,490.18 | $472.74 |
| 2/4/2020 | | | PROPERTY INSPECTION | | $48,636.13 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$5,510.18 | $472.74 |
| 2/11/2020 | | | FCL CERTIFIED MAIL FEES | | $48,636.13 | $0.00 | $0.00 | -$11.50 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$5,521.68 | $472.74 |
| 3/1/2020 | $2,254.41 | $2,254.41 | 03/01/2020 Monthly Payment Incurred | | $50,890.54 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$5,521.68 | $472.74 |
| 3/2/2020 | | | FCL TITLE FEES | | $50,890.54 | $0.00 | $0.00 | -$600.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$6,121.68 | $472.74 |
| 3/3/2020 | | | PROPERTY INSPECTION | | $50,890.54 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$6,141.68 | $472.74 |
| 3/12/2020 | | | FCL CERTIFIED MAIL FEES | | $50,890.54 | $0.00 | $0.00 | -$112.60 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$6,254.28 | $472.74 |
| 3/13/2020 | | | FCL RECORDATION COSTS | | $50,890.54 | $0.00 | $0.00 | -$88.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$6,342.28 | $472.74 |
| 3/16/2020 | | | FCL POSTING OF SALE | | $50,890.54 | $0.00 | $0.00 | -$75.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$6,417.28 | $472.74 |
| 3/17/2020 | | | PROPERTY VALUATION | | $50,890.54 | $0.00 | $0.00 | -$470.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$6,887.28 | $472.74 |
| 3/20/2020 | | | FCL ATTORNEY FEES | | $50,890.54 | $0.00 | $0.00 | -$340.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$7,227.28 | $472.74 |
| 4/1/2020 | $2,254.41 | $2,254.41 | 04/01/2020 Monthly Payment Incurred | | $53,144.95 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$7,298.57 | -$7,227.28 | $472.74 |
| 4/1/2020 | | | County Taxes | | $53,144.95 | $0.00 | $0.00 | -$2,589.36 | $0.00 | $0.00 | $273,718.09 | -$9,887.93 | -$7,227.28 | $472.74 |
| 4/2/2020 | | | PROPERTY INSPECTION | | $53,144.95 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$9,887.93 | -$7,247.28 | $472.74 |
| 4/3/2020 | | | FCL CERTIFIED MAIL FEES | | $53,144.95 | $0.00 | $0.00 | -$16.80 | $0.00 | $0.00 | $273,718.09 | -$9,887.93 | -$7,264.08 | $472.74 |
| 4/9/2020 | | | FCL PROCEEDINGS COSTS | | $53,144.95 | $0.00 | $0.00 | -$240.00 | $0.00 | $0.00 | $273,718.09 | -$9,887.93 | -$7,504.08 | $472.74 |
| 4/21/2020 | | | FCL CERTIFIED MAIL FEES | | $53,144.95 | $0.00 | $0.00 | -$16.20 | $0.00 | $0.00 | $273,718.09 | -$9,887.93 | -$7,520.28 | $472.74 |
| 5/1/2020 | $2,254.41 | $2,254.41 | 05/01/2020 Monthly Payment Incurred | | $55,399.36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$9,887.93 | -$7,520.28 | $472.74 |
| 5/3/2020 | | | PROPERTY INSPECTION | | $55,399.36 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$9,887.93 | -$7,540.28 | $472.74 |
| 5/27/2020 | | | Hazard Insurance | | $55,399.36 | $0.00 | $0.00 | -$1,289.15 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,540.28 | $472.74 |
| 6/1/2020 | $2,254.41 | $2,254.41 | 06/01/2020 Monthly Payment Incurred | | $57,653.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,540.28 | $472.74 |
| 6/2/2020 | | | PROPERTY INSPECTION | | $57,653.77 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,560.28 | $472.74 |
| 6/4/2020 | | | FCL CERTIFIED MAIL FEES | | $57,653.77 | $0.00 | $0.00 | -$16.20 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,576.48 | $472.74 |
| 7/1/2020 | $2,254.41 | $2,254.41 | 07/01/2020 Monthly Payment Incurred | | $59,908.18 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,576.48 | $472.74 |
| 7/3/2020 | | | PROPERTY INSPECTION | | $59,908.18 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,596.48 | $472.74 |
| 7/15/2020 | | | FCL CERTIFIED MAIL FEES | | $59,908.18 | $0.00 | $0.00 | -$16.20 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,612.68 | $472.74 |
| 8/1/2020 | $2,254.41 | $2,254.41 | 08/01/2020 Monthly Payment Incurred | | $62,162.59 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,612.68 | $472.74 |
| 8/7/2020 | | | PROPERTY INSPECTION | | $62,162.59 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,632.68 | $472.74 |
| 9/1/2020 | $2,254.41 | $2,254.41 | 09/01/2020 Monthly Payment Incurred | | $64,417.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,632.68 | $472.74 |
| 9/3/2020 | | | PROPERTY INSPECTION | | $64,417.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,652.68 | $472.74 |
| 9/25/2020 | | | FCL CERTIFIED MAIL FEES | | $64,417.00 | $0.00 | $0.00 | -$16.20 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,668.88 | $472.74 |
| 10/1/2020 | $2,254.41 | $2,254.41 | 10/01/2020 Monthly Payment Incurred | | $66,671.41 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,668.88 | $472.74 |
| 10/6/2020 | | | PROPERTY INSPECTION | | $66,671.41 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,688.88 | $472.74 |
| 11/1/2020 | $2,254.41 | $2,254.41 | 11/01/2020 Monthly Payment Incurred | | $68,925.82 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,688.88 | $472.74 |
| 11/9/2020 | | | PROPERTY INSPECTION | | $68,925.82 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$11,177.08 | -$7,708.88 | $472.74 |
| 11/25/2020 | | | County Taxes | | $68,925.82 | $0.00 | $0.00 | -$2,641.98 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,708.88 | $472.74 |
| 12/1/2020 | $2,254.41 | $2,254.41 | 12/01/2020 Monthly Payment Incurred | | $71,180.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,708.88 | $472.74 |
| 12/4/2020 | | | PROPERTY INSPECTION | | $71,180.23 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,728.88 | $472.74 |
| 12/15/2020 | | | FCL CERTIFIED MAIL FEES | | $71,180.23 | $0.00 | $0.00 | -$4.05 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,732.93 | $472.74 |
| 1/1/2021 | $2,254.41 | $2,254.41 | 01/01/2021 Monthly Payment Incurred | | $73,434.64 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,732.93 | $472.74 |
| 1/5/2021 | | | PROPERTY INSPECTION | | $73,434.64 | $0.00 | $0.00 | -$20.00 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,752.93 | $472.74 |
| 2/1/2021 | $2,254.41 | $2,254.41 | 02/01/2021 Monthly Payment Incurred | | $75,689.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,752.93 | $472.74 |
| 2/1/2021 | | | FCL CERTIFIED MAIL FEES | | $75,689.05 | $0.00 | $0.00 | -$20.55 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,773.48 | $472.74 |

**EXHIBIT A**

Bankruptcy Proof Of Claim - Form B 410A

| Date | Payment | Description | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/8/2021 | | PROPERTY INSPECTION | $75,689.05 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,793.48 | $472.74 |
| 3/1/2021 | $2,254.41 | $2,254.41 03/01/2021 Monthly Payment Incurred | $77,943.46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,793.48 | $472.74 |
| 3/10/2021 | | FCL CERTIFIED MAIL FEES | $77,943.46 | $0.00 | $0.00 | $0.00 | -$20.55 | $0.00 | $273,718.09 | -$13,819.06 | -$7,814.03 | $472.74 |
| 3/11/2021 | | PROPERTY INSPECTION | $77,943.46 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$13,819.06 | -$7,834.03 | $472.74 |
| 3/29/2021 | | County Taxes | $77,943.46 | $0.00 | $0.00 | -$2,641.98 | $0.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,834.03 | $472.74 |
| 4/1/2021 | $2,254.41 | $2,254.41 04/01/2021 Monthly Payment Incurred | $80,197.87 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,834.03 | $472.74 |
| 4/6/2021 | | PROPERTY INSPECTION | $80,197.87 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,854.03 | $472.74 |
| 5/1/2021 | $2,254.41 | $2,254.41 05/01/2021 Monthly Payment Incurred | $82,452.28 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,854.03 | $472.74 |
| 5/4/2021 | | PROPERTY INSPECTION | $82,452.28 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,874.03 | $472.74 |
| 6/1/2021 | $2,225.87 | $2,225.87 06/01/2021 Monthly Payment Incurred | $84,678.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,874.03 | $472.74 |
| 6/4/2021 | | PROPERTY INSPECTION | $84,678.15 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,894.03 | $472.74 |
| 7/1/2021 | $2,225.87 | $2,225.87 07/01/2021 Monthly Payment Incurred | $86,904.02 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,894.03 | $472.74 |
| 7/29/2021 | | PROPERTY INSPECTION | $86,904.02 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,914.03 | $472.74 |
| 8/1/2021 | $2,225.87 | $2,225.87 08/01/2021 Monthly Payment Incurred | $89,129.89 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$16,461.04 | -$7,914.03 | $472.74 |
| 8/20/2021 | | Hazard Insurance | $89,129.89 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$16,638.96 | -$7,914.03 | $472.74 |
| 8/23/2021 | | Hazard Insurance | $89,129.89 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$16,816.88 | -$7,914.03 | $472.74 |
| 8/25/2021 | | PROPERTY INSPECTION | $89,129.89 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$16,816.88 | -$7,934.03 | $472.74 |
| 9/1/2021 | $2,225.87 | $2,225.87 09/01/2021 Monthly Payment Incurred | $91,355.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$16,816.88 | -$7,934.03 | $472.74 |
| 9/3/2021 | | Hazard Insurance | $91,355.76 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$16,994.80 | -$7,934.03 | $472.74 |
| 9/28/2021 | | PROPERTY INSPECTION | $91,355.76 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$16,994.80 | -$7,954.03 | $472.74 |
| 10/1/2021 | $2,225.87 | $2,225.87 10/01/2021 Monthly Payment Incurred | $93,581.63 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$16,994.80 | -$7,954.03 | $472.74 |
| 10/5/2021 | | Hazard Insurance | $93,581.63 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$17,172.72 | -$7,954.03 | $472.74 |
| 10/29/2021 | | PROPERTY INSPECTION | $93,581.63 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$17,172.72 | -$7,974.03 | $472.74 |
| 11/1/2021 | $2,225.87 | $2,225.87 11/01/2021 Monthly Payment Incurred | $95,807.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$17,172.72 | -$7,974.03 | $472.74 |
| 11/3/2021 | | Hazard Insurance | $95,807.50 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$17,350.64 | -$7,974.03 | $472.74 |
| 12/1/2021 | $2,225.87 | $2,225.87 12/01/2021 Monthly Payment Incurred | $98,033.37 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$17,350.64 | -$7,974.03 | $472.74 |
| 12/2/2021 | | County Taxes | $98,033.37 | $0.00 | $0.00 | -$2,665.79 | $0.00 | $0.00 | $273,718.09 | -$20,016.43 | -$7,974.03 | $472.74 |
| 12/3/2021 | | Hazard Insurance | $98,033.37 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$20,194.35 | -$7,974.03 | $472.74 |
| 12/3/2021 | | PROPERTY INSPECTION | $98,033.37 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$20,194.35 | -$7,994.03 | $472.74 |
| 1/1/2022 | $2,225.87 | $2,225.87 01/01/2022 Monthly Payment Incurred | $100,259.24 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$20,194.35 | -$7,994.03 | $472.74 |
| 1/5/2022 | | Hazard Insurance | $100,259.24 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$20,372.27 | -$7,994.03 | $472.74 |
| 1/8/2022 | | PROPERTY INSPECTION | $100,259.24 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$20,372.27 | -$8,014.03 | $472.74 |
| 2/1/2022 | $2,225.87 | $2,225.87 02/01/2022 Monthly Payment Incurred | $102,485.11 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$20,372.27 | -$8,014.03 | $472.74 |
| 2/3/2022 | | Hazard Insurance | $102,485.11 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$20,550.19 | -$8,014.03 | $472.74 |
| 2/5/2022 | | PROPERTY INSPECTION | $102,485.11 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$20,550.19 | -$8,034.03 | $472.74 |
| 3/1/2022 | $1,714.26 | $1,714.26 03/01/2022 Monthly Payment Incurred | $104,199.37 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$20,550.19 | -$8,034.03 | $472.74 |
| 3/3/2022 | | Hazard Insurance | $104,199.37 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$20,728.11 | -$8,034.03 | $472.74 |
| 3/7/2022 | | PROPERTY INSPECTION | $104,199.37 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$20,728.11 | -$8,054.03 | $472.74 |
| 3/8/2022 | | FORECLOSURE APPRAISAL | $104,199.37 | $0.00 | $0.00 | $0.00 | -$485.00 | $0.00 | $273,718.09 | -$20,728.11 | -$8,539.03 | $472.74 |
| 3/25/2022 | | County Taxes | $104,199.37 | $0.00 | $0.00 | -$2,665.79 | $0.00 | $0.00 | $273,718.09 | -$23,393.90 | -$8,539.03 | $472.74 |
| 4/1/2022 | $1,714.26 | $1,714.26 04/01/2022 Monthly Payment Incurred | $105,913.63 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$23,393.90 | -$8,539.03 | $472.74 |
| 4/4/2022 | | PROPERTY INSPECTION | $105,913.63 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$23,393.90 | -$8,559.03 | $472.74 |
| 4/5/2022 | | Hazard Insurance | $105,913.63 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$23,571.82 | -$8,559.03 | $472.74 |
| 5/1/2022 | $1,714.26 | $1,714.26 05/01/2022 Monthly Payment Incurred | $107,627.89 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$23,571.82 | -$8,559.03 | $472.74 |
| 5/2/2022 | | PROP PRES - PHOTOS | $107,627.89 | $0.00 | $0.00 | $0.00 | -$30.00 | $0.00 | $273,718.09 | -$23,571.82 | -$8,589.03 | $472.74 |
| 5/2/2022 | | PROPERTY INSPECTION | $107,627.89 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$23,571.82 | -$8,609.03 | $472.74 |
| 5/4/2022 | | Hazard Insurance | $107,627.89 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$23,749.74 | -$8,609.03 | $472.74 |
| 5/18/2022 | | FCL CERTIFIED MAIL FEES | $107,627.89 | $0.00 | $0.00 | $0.00 | -$18.39 | $0.00 | $273,718.09 | -$23,749.74 | -$8,627.42 | $472.74 |
| 5/27/2022 | | FCL POSTING OF SALE | $107,627.89 | $0.00 | $0.00 | $0.00 | -$75.00 | $0.00 | $273,718.09 | -$23,749.74 | -$8,702.42 | $472.74 |
| 5/27/2022 | | FCL RECORDATION COSTS | $107,627.89 | $0.00 | $0.00 | $0.00 | -$85.00 | $0.00 | $273,718.09 | -$23,749.74 | -$8,787.42 | $472.74 |
| 6/1/2022 | $1,714.26 | $1,714.26 06/01/2022 Monthly Payment Incurred | $109,342.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$23,749.74 | -$8,787.42 | $472.74 |
| 6/2/2022 | | FCL CERTIFIED MAIL FEES | $109,342.15 | $0.00 | $0.00 | $0.00 | -$115.76 | $0.00 | $273,718.09 | -$23,749.74 | -$8,903.18 | $472.74 |
| 6/3/2022 | | Hazard Insurance | $109,342.15 | $0.00 | $0.00 | -$177.92 | $0.00 | $0.00 | $273,718.09 | -$23,927.66 | -$8,903.18 | $472.74 |
| 6/6/2022 | | PROPERTY INSPECTION | $109,342.15 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | -$23,927.66 | -$8,923.18 | $472.74 |
| 6/20/2022 | | FCL PROCEEDINGS COSTS | $109,342.15 | $0.00 | $0.00 | $0.00 | -$395.25 | $0.00 | $273,718.09 | -$23,927.66 | -$9,318.43 | $472.74 |
| 7/1/2022 | $1,714.26 | $1,714.26 07/01/2022 Monthly Payment Incurred | $111,056.41 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | -$23,927.66 | -$9,318.43 | $472.74 |
| 7/6/2022 | | Hazard Insurance | $111,056.41 | $0.00 | $0.00 | -$148.26 | $0.00 | $0.00 | $273,718.09 | -$24,075.92 | -$9,318.43 | $472.74 |

**EXHIBIT A**

Bankruptcy Proof Of Claim - Form B 410A

| Date | | | Description | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/14/2022 | | | PROPERTY INSPECTION | $111,056.41 | $0.00 | $0.00 | $0.00 | -$20.00 | $0.00 | $273,718.09 | | -$24,075.92 | -$9,338.43 | $472.74 |
| 8/1/2022 | $1,714.25 | $1,714.25 | 08/01/2022 Monthly Payment Incurred | $112,770.66 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $273,718.09 | | -$24,075.92 | -$9,338.43 | $472.74 |
| 8/3/2022 | | | Hazard Insurance | $112,770.66 | $0.00 | $0.00 | -$148.26 | $0.00 | $0.00 | $273,718.09 | | -$24,224.18 | -$9,338.43 | $472.74 |

**EXHIBIT A**

## PROOF OF CLAIM DISCLOSURES

IN RE: **CORBAN, STACY ODINE**
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

CASE NO. 8:22-bk-11331-MH
CREDITOR:  BANK OF AMERICA, N.A.

1. The amount of the post-petition payments is subject to change per the terms of the Note and Deed of Trust/Mortgage.
2. This Proof of Claim shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004 notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purpose of service under Fed. R. Bankr. P. 7004.

**EXHIBIT A**

**CARRINGTON**
MORTGAGE SERVICES LLC

CARRINGTON MORTGAGE SERVICES, LLC
P.O. Box 5001█
Westfield, IN 4607█

(800) 561-4567   FAX: (949) 517-5220

DANIEL W CORBAN
STACY ONDINE CORBAN
22596 KILLY ST
LAKE FOREST        CA 92630

YOUR LOAN NUMBER : ███████

DATE: 08/09/22

**\*\*\* ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT - LAST CYCLES ESCROW ACCOUNT HISTORY \*\*\***

THIS HISTORY STATEMENT COMPARES YOUR PRIOR ANALYSIS CYCLE PROJECTED ESCROW ACTIVITY TO THE
ACTUAL ESCROW ACTIVITY BEGINNING JULY,2021 AND ENDING JUNE, 2022.  IF YOUR LOAN
WAS PAID-OFF, ASSUMED, OR TRANSFERRED DURING THIS PRIOR CYCLE, OR THE COMPUTATION YEAR IS
BEING CHANGED, ACTUAL ACTIVITY STOPS AT THAT POINT.  THIS STATEMENT IS INFORMATIONAL ONLY
AND REQUIRES NO ACTION ON YOUR PART.

**--- YOUR PAYMENT BREAKDOWN AS OF JULY,2021 IS ---**

| PRIN & INTEREST | 1,678.12 |
|---|---|
| ESCROW PAYMENT | 547.75 |
| TOTAL | 2,225.87 |

| | -- PAYMENTS TO ESCROW -- | | -- PAYMENTS FROM ESCROW -- | | | | | -- ESCROW BALANCE -- | | |
|---|---|---|---|---|---|---|---|---|---|---|
| MONTH | PRIOR | PROJECTED | ACTUAL | PRIOR | PROJECTED | DESCRIPTION | ACTUAL | DESCRIPTION | PRIOR | PROJECTED | ACTUAL |
| | | | | STARTING BALANCE = = = > | | | | | 2191.11 | 16461.04- | |
| JUL | 547.75 * | | | 1289.15 * | HOMEOWNERS | | | | 1449.71 | 16461.04- | |
| AUG | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 1997.46 | 16816.88- | |
| | | | 0 | | | 177.92 | HOMEOWNERS | | | |
| SEP | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 2545.21 | 16994.80- | |
| OCT | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 3092.96 | 17172.72- | |
| NOV | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 3640.71 | 17350.64- | |
| DEC | 547.75 * | | | 2641.98 * | COUNTY TAX | 2665.79 | COUNTY TAX | 1546.48 | 20194.35- | |
| | | | 0 | | | 177.92 | HOMEOWNERS | | | |
| JAN | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 2094.23 | 20372.27- | |
| FEB | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 2641.98 | 20550.19- | |
| MAR | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 3189.73 | 23393.90- | |
| | | | 0 | | | 2665.79 | COUNTY TAX | | | |
| APR | 547.75 * | | | 2641.98 * | COUNTY TAX | 177.92 | HOMEOWNERS | 1095.50 TLP | 23571.82- | |
| MAY | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 1643.25 | 23749.74- | |
| JUN | 547.75 * | | | * | | 177.92 | HOMEOWNERS | 2191.00 | 23927.66- ALP | |
| TOT | 6573.00 | 0.00 | 6573.11 | | | | 7466.62 | | | |

UNDER FEDERAL LAW, WHEN YOUR ACTUAL ESCROW BALANCE REACHES ITS LOWEST POINT, THAT BALANCE IS TARGETED
NOT TO EXCEED 1/6TH OF THE ANNUAL PROJECTED DISBURSEMENTS.  YOUR LOAN DOCUMENTS OR STATE LAW MAY
SPECIFY THAT YOUR LOWEST BALANCE MUST BE A LOWER AMOUNT THAN THE FEDERAL LAW ALLOWS.

UNDER YOUR MORTGAGE CONTRACT OR STATE OR FEDERAL LAW, YOUR TARGETED LOW POINT ESCROW BALANCE
(TLP) WAS $1,095.50.  YOUR ACTUAL LOW POINT ESCROW BALANCE (ALP) WAS  $23,927.66-.

BY COMPARING THE PROJECTED ESCROW TRANSACTIONS WITH THE ACTUAL TRANSACTIONS YOU CAN
DETERMINE WHERE A DIFFERENCE MAY HAVE OCCURRED.  AN ASTERISK (*) INDICATES A DIFFERENCE IN EITHER THE
AMOUNT OR DATE OF THE PROJECTED ACTIVITY AND THE ACTUAL ACTIVITY.
IF THERE ARE NO PRIOR PAYMENTS TO OR FROM ESCROW SHOWN, THERE WAS NO PRIOR PROJECTION
TO WHICH THE ACTUAL ACTIVITY COULD BE COMPARED.

Your projected escrow balance consists of the following detail (an * next to an amount
indicates this is a total that represents more than one payment to or disbursement from escrow):

**Escrow payments up to escrow analysis effective date:**

| 06/18 | $664.41 | 07/18 | $676.74 | 08/18 | $21,246.56 * |
|---|---|---|---|---|---|

**\*\*\* ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT - PROJECTIONS \*\*\***

PLEASE REVIEW THIS STATEMENT CLOSELY - YOUR MORTGAGE PAYMENT MAY BE AFFECTED.
THIS STATEMENT TELLS YOU OF ANY CHANGES IN YOUR MORTGAGE PAYMENT, ANY SURPLUS REFUNDS, OR
ANY SHORTAGE OR DEFICIENCY THAT YOU MUST PAY. IT ALSO SHOWS YOU THE PROJECTED ESCROW
ACTIVITY FOR YOUR ESCROW CYCLE BEGINNING SEPTEMBER,2022 AND ENDING AUGUST,2023.

**PROJECTED PAYMENTS FROM ESCROW - SEPTEMBER,2022 THROUGH AUGUST,2023**

| HOMEOWNERS INSU | 1,779.12 | |
|---|---|---|
| COUNTY TAX | 5,331.58 | |
| TOTAL | 7,110.70 | |
| PERIODIC PAYMENT TO ESCROW | 592.55 | (1/12 of "TOTAL FROM ESCROW") |

**PROJECTED ESCROW ACTIVITY -  SEPTEMBER,2022 THROUGH AUGUST,2023**

| | -- PROJECTED PAYMENTS -- | | | -- ESCROW BALANCE COMPARISON -- | |
|---|---|---|---|---|---|
| MONTH | TO ESCROW | FROM ESCROW | DESCRIPTION | PROJECTED | REQUIRED |
| | | ACTUAL STARTING BALANCE = = = > | | 2,962.36 | 2,962.36 |
| SEP,22 | 592.55 | 148.26 | HOMEOWNERS INSU | 3,406.65 | 3,406.65 |
| OCT,22 | 592.55 | 148.26 | HOMEOWNERS INSU | 3,850.94 | 3,850.94 |
| NOV,22 | 592.55 | 148.26 | HOMEOWNERS INSU | 4,295.23 | 4,295.23 |
| DEC,22 | 592.55 | 148.26 | HOMEOWNERS INSU | 2,073.73 | 2,073.73 |
| | | 2,665.79 | COUNTY TAX | | |
| JAN,23 | 592.55 | 148.26 | HOMEOWNERS INSU | 2,518.02 | 2,518.02 |
| FEB,23 | 592.55 | 148.26 | HOMEOWNERS INSU | 2,962.31 | 2,962.31 |
| MAR,23 | 592.55 | 148.26 | HOMEOWNERS INSU | 3,406.60 | 3,406.60 |
| APR,23 | 592.55 | 148.26 | HOMEOWNERS INSU | 1,185.10 ALP | 1,185.10 RLP |
| | | 2,665.79 | COUNTY TAX | | |
| MAY,23 | 592.55 | 148.26 | HOMEOWNERS INSU | 1,629.39 | 1,629.39 |
| JUN,23 | 592.55 | 148.26 | HOMEOWNERS INSU | 2,073.68 | 2,073.68 |
| JUL,23 | 592.55 | 148.26 | HOMEOWNERS INSU | 2,517.97 | 2,517.97 |
| AUG,23 | 592.55 | 148.26 | HOMEOWNERS INSU | 2,962.26 | 2,962.26 |

**\*\*\*\* CONTINUED ON NEXT PAGE \*\*\*\***

**EXHIBIT A**

-------------------------------- **DETERMINING THE SUFFICIENCY OF YOUR ESCROW BALANCE** ----------------------------------

IF THE PROJECTED LOW POINT BALANCE (ALP) IS
GREATER THAN THE REQUIRED LOW POINT BALANCE (RLP) ,
THEN THERE IS AN ESCROW SURPLUS....                THE ESCROW SURPLUS IS....        0.00 *

AT THE TIME OF YOUR BANKRUPTCY FILING, YOUR ESCROW SHORTAGE INCLUDED IN THE POC (PROOF OF CLAIM) IS $0.00.

------------------------------------ **CALCULATIONS OF YOUR NEW PAYMENT AMOUNT** ----------------------------------------------

```
                               PRIN & INTEREST        1,678.12 *
                               ESCROW PAYMENT           592.55
BORROWER PAYMENT STARTING WITH THE PAYMENT DUE  09/01/22   ==>      2,270.67
```

\* IF YOUR LOAN IS AN ADJUSTABLE RATE MORTGAGE, THE PRINCIPAL & INTEREST PORTION OF
  YOUR PAYMENT MAY CHANGE WITHIN THIS CYCLE IN ACCORDANCE WITH YOUR LOAN DOCUMENTS.

NOTE :     YOUR ESCROW BALANCE MAY CONTAIN A CUSHION. A CUSHION IS AN AMOUNT OF MONEY
           HELD IN YOUR ESCROW ACCOUNT TO PREVENT YOUR ESCROW BALANCE FROM BEING OVERDRAWN
           WHEN INCREASES IN THE DISBURSEMENTS OCCUR. FEDERAL LAW AUTHORIZES A MAXIMUM
           ESCROW CUSHION NOT TO EXCEED 1/6TH OF THE TOTAL ANNUAL PROJECTED ESCROW
           DISBURSEMENTS MADE DURING THE ABOVE CYCLE. THIS AMOUNT IS $1,095.51.
           YOUR LOAN DOCUMENTS OR STATE LAW MAY REQUIRE A LESSER CUSHION. YOUR MORTGAGE
           CONTRACT AND STATE LAW ARE SILENT ON THIS ISSUE. WHEN YOUR ESCROW BALANCE
           REACHES ITS LOWEST POINT DURING THE ABOVE CYCLE, THAT BALANCE IS TARGETED
           TO BE YOUR CUSHION AMOUNT.
           YOUR ESCROW CUSHION FOR THIS CYCLE IS $1,185.10.

    YOUR PROJECTED ESCROW BALANCE CONSISTS OF THE FOLLOWING DETAIL (AN * NEXT TO AN AMOUNT INDICATES
    THIS IS A TOTAL THAT REPRESENTS MORE THAN ONE PAYMENT TO OR DISBURSEMENT FROM ESCROW):

**Escrow payments up to escrow analysis effective date:**
```
06/18    $664.41        07/18    $676.74        08/18    $25,845.39*
```

**-VERBAL INQUIRIES & COMPLAINTS-**
For verbal inquiries and complaints about your mortgage loan, please contact the CUSTOMER SERVICE DEPARTMENT
for Carrington Mortgage Services, LLC, by calling 1-800-561-4567. The CUSTOMER SERVICE DEPARTMENT for
Carrington Mortgage Services, LLC is toll free and you may call from 8:00 a.m. to 8:00 p.m. Eastern Time,
Monday through Friday. You may also visit our website at https://carringtonmortgage.com/.

**-IMPORTANT BANKRUPTCY NOTICE-**
If you have been discharged from personal liability on the mortgage because of bankruptcy
proceedings and have not reaffirmed the mortgage, or if you are the subject of a pending
bankruptcy proceeding, this letter is not an attempt to collect a debt from you but merely
provides informational notice regarding the status of the loan.  If you are represented by
an attorney with respect to your mortgage, please forward this document to your attorney.

**-CREDIT REPORTING AND DIRECT DISPUTES-**
We may report information about your account to credit bureaus. Late payments, missed payments,
or other defaults on your account may be reflected in your credit report.  As required by law,
you are hereby notified that a negative credit report reflecting on your credit record may be
submitted to a credit reporting agency if you fail to fulfill the terms of your credit
obligations. If you have concerns regarding the accuracy of any information contained in a
consumer report pertaining to this account, you may send a direct dispute to Carrington
Mortgage Services, LLC by fax to 800-486-5134 or in writing to Carrington Mortgage Services,
LLC, and Attention: Customer Service, P.O. Box 5001, Westfield, IN 46074. Please include your
loan number on all pages of the correspondence.

**-MINI MIRANDA-**
This communication is from a debt collector and it is for the purpose of collecting a debt and
any information obtained will be used for that purpose. This notice is required by the
provisions of the Fair Debt Collection Practices Act and does not imply that we are attempting
to collect money from anyone who has discharged the debt under the bankruptcy laws of the
United States.

**-HUD COUNSELOR INFORMATION-**
If you would like counseling or assistance, you may obtain a list of HUD-approved homeownership
counselors or counseling organizations in your area by calling the HUD nationwide toll-free
telephone number at (800) 569-4287 or toll-free TDD (800) 877-8339, or by going to
http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You can also contact the CFPB at (855) 411-2372, or
by going to www.consumerfinance.gov/find-a-housing-counselor.

**-EQUAL CREDIT OPPORTUNITY ACT NOTICE-**
The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit
applicants on the basis of race, color, religion, national origin, sex, marital status, or age
(provided the applicant has the capacity to enter into a binding contract); because all or part
of the applicant's income derives from any public assistance program; or because the applicant
has, in good faith, exercised any right under the Consumer Credit Protection Act. The Federal
Agency that administers Carrington Mortgage Services, LLC's compliance with this law is the
Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

**-SCRA DISCLOSURE-**
MILITARY  PERSONNEL/SERVICEMEMBERS:    If you or your spouse is a member of the military, please contact us
immediately.  The Federal Servicemembers Civil Relief Act and comparable state laws afford significant protections
and benefits to eligible military service personnel, including protections from foreclosure as well as interest
rate relief.  For additional information and to determine eligibility please contact our Military Assistance Team
toll free at 1-888-267-5474.

**-NOTICES OF ERROR AND INFORMATION REQUESTS, QUALIFIED WRITTEN REQUESTS (QWR)-**
Written complaints and inquiries classified as Notices of Error and Information Requests or QWRs must be submitted
to Carrington Mortgage Services, LLC by fax to 800-486-5134, or in writing to Carrington Mortgage Services, LLC,
and Attention: Customer Service, P.O. Box 5001, Westfield, IN  46074.  Please include your loan number on all pages
of the correspondence.   You have the right to request documents we relied upon in reaching our determination.  You
may request such documents or receive further assistance by contacting the CUSTOMER SERVICE DEPARTMENT for
Carrington Mortgage Services, LLC toll free at (800) 561-4567, Monday through Friday, 8:00 a.m. to 8:00 p.m.
Eastern Time. You may also visit our website at https://carringtonmortgage.com/

# EXHIBIT A

Prepared by: ABEGAIL ZELZNICK



## State of California

# NOTE

FHA Case No.

LOAN #:

JUNE 29, 2009
[Date]

22596 KILLY STREET, LAKE FOREST, CA 92630-4619
[Property Address]

### 1.   PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means BANK OF AMERICA, N.A.
and its successors and assigns.

### 2.   BORROWER'S PROMISE TO PAY: INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
FOUR HUNDRED SEVENTEEN THOUSAND THREE HUNDRED TWO and 00/100

Dollars (U.S. $417,302.00          ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE                     percent (   5.000 %) per year until the full amount of principal has been paid.

### 3.   PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4.   MANNER OF PAYMENT

(A)  Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on AUGUST 1ST, 2009          . Any principal and interest remaining on the first day of JULY, 2039          , will be due on that date, which is called the "Maturity Date."

(B)  Place
Payment shall be made at
P.O. Box 10219, Van Nuys, CA 91410-0219
or at such place as Lender may designate in writing by notice to Borrower.

(C)  Amount
Each monthly payment of principal and interest will be in the amount of U.S. $2,240.17          . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D)  Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Lender together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge      ☐ Growing Equity Allonge      ☐ Other [specify]

### 5.   BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6.   BORROWER'S FAILURE TO PAY

(A)  Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR                     percent (   4.000 %) of the overdue amount of each payment.

(B)  Default
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

F Fixed Rate Note-CA
2001R-CA (03/07)(d/i)

Page 1 of 2

FHA California Fixed Rate Note - 10/95





# EXHIBIT A



CASE #: ▮▮▮▮▮                                                        LOAN #: ▮▮▮

**(C)   Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.   WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

**10.   GROUNDS FOR ACCELERATION OF DEBT**

**(A)   Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by the Security Instrument and due under this Note if:

(i)   Borrower defaults by failing to pay in full any monthly payment required by this Note and the Security Instrument prior to or on the due date of the next monthly payment, or

(ii)   Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in the Security Instrument securing this Note.

**(B)   Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums due under this Note and secured by the Security Instrument if:

(i)   All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)   The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(C)   No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(D)   Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. This Note and the Security Instrument do not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(E)   Mortgage Not Insured.** Borrower agrees that should the Security Instrument and this Note secured thereby not be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option and notwithstanding anything in paragraph 10, require immediate payment in full of all sums secured by the Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure the Security Instrument and this Note secured thereby, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
DANIEL W. CORBAN                 -Borrower

PAY TO THE ORDER OF

_____ (Seal)
STACY ODLENE CORBAN              -Borrower

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

_____ (Seal)
                                 -Borrower

BY _Michele Sjolander_
MICHELE SJOLANDER
SENIOR VICE PRESIDENT

_____ (Seal)
                                 -Borrower

*[Sign Original Only]*

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                    Station Id :CC4G

# BENE CHECK



Recording Requested by
Zang Recording Services on
behalf of: ATI

RECORDING REQUESTED BY
TICOR TITLE
TUSTIN-ORANGE CO. BRANCH

Recording Requested By:
W. GRIFFIN

BANK OF AMERICA. N.A.

After Recording Return To:
BANK OF AMERICA. N.A.

CA6-914-01-42 DOC PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
ABEGAIL ZELZNICK

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder
42.00

2009000350905 11:04am 07/02/09
108 73 D11 12
0.00 0.00 0.00 0.00 33.00 0.00 0.00 0.00

 TSG#:

ENTERED APN:    614-202-48
☑ APN:  614-202-48
TRA:    30-015 - CITY OF LAKE FOREST
LEGAL: TRACT 7428 LOT 71
SITUS: 22596 KILLY ST
MAIL:  22596 KILLY ST LAKE FOREST, CA 92630-4619

ASSESSED OWNER(S)
CORBAN DANIEL W
CORBAN STACY ODINE

———————— [Space Above This Line For Recording Data] ————————



[Case #]          [Escrow/Closing #]          [Doc ID #]

**State of California**          ## DEED OF TRUST          FHA Case No.

MIN

THIS DEED OF TRUST ("Security Instrument") is made on  JUNE 29,  2009    . The Trustor is
DANIEL W CORBAN, AND STACY ONDINE CORBAN, HUSBAND AND WIFE AS COMMUNITY PROPERTY
WITH RIGHT OF        SURVIVORSHIP

whose address is
692 BUTTE AVENUE, BIG BEAR LAKE, CA 92315
("Borrower"). The trustee is
RECONTRUST COMPANY, N.A.
225 W HILLCREST DRVIE MSN: TO-02, THOUSAND OAKS, CA 91360

**FHA California Deed of Trust with MERS - 4/96**
MERS FHA Deed of Trust-CA
1004N-CA (12/07)(d/i)          Page 1 of 8          Amended 2/98

          

ORANGE,CA          Page 1 of 12          Printed on 8/18/2015 9:10:47 AM
Document: TD 2009.350905

# EXHIBIT A

Branch :LSL,User :AMEG                    Comment:                    Station Id :CC4G

CASE #: ████████████████        DOC ID #: ████████████

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender,
as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware,
and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
BANK OF AMERICA, N.A.

("Lender") is organized and existing under the laws of THE UNITED STATES          , and has an address of
101 South Tryon Street, Charlotte, NC 28255
Borrower owes Lender the principal sum of
FOUR HUNDRED SEVENTEEN THOUSAND THREE HUNDRED TWO and 00/100

Dollars (U.S. $ 417,302.00       ). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
   JULY 01, 2039        . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by
the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with
interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of
Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower
irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in
ORANGE                                    County, California:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 61420248
which has the address of              22596 KILLY STREET, LAKE FOREST
                                                   [Street, City]
California 92630-4619 ("Property Address");
                [Zip Code]

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered
by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower
understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument;
but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has
the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property;
and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.
    BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower
warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances
of record.
    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.
    Borrower and Lender covenant and agree as follows:
    UNIFORM COVENANTS.
    1.    **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest
on, the debt evidenced by the Note and late charges due under the Note.
    2.    **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly
payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and
special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property,

MERS FHA Deed of Trust-CA
1004N-CA (12/07)                          Page 2 of 8

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                                    Station Id :CC4G

CASE #  ███████████              DOC ID #: ██████████

and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3.    Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4.    Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5.    Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist

MERS FHA Deed of Trust-CA
1004N-CA (12/07)                              Page 3 of 8



**EXHIBIT A**

Branch :LSL,User :AMEG                       Comment:                              Station Id :CC4G

CASE #: ███████████        DOC ID #: ███████████

which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

MERS FHA Deed of Trust-CA
1004N-CA (12/07)                              Page 4 of 8

**EXHIBIT A**

Branch :LSL,User :AMEG                         Comment:                                      Station Id :CC4G

CASE #  ▮▮▮▮▮▮▮▮                          DOC ID #: ▮▮▮▮▮

**(c)   No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d)   Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e)   Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.   Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11.   Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12.   Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13.   Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14.   Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15.   Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16.   Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence,

**EXHIBIT A**

Branch :LSL,User :AMEG                         Comment:                                 Station Id :CC4G

CASE # ▮▮▮▮▮▮▮                                    DOC ID #: ▮▮▮▮▮▮▮

use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** To the extent permitted by applicable law, Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act.**

MERS FHA Deed of Trust-CA
1004N-CA (12/07)                         Page 6 of 8

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                                Station Id :CC4G

CASE #: ██████████████        DOC ID #: ████████████

**Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.**

    **19.   Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

    **20.   Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

    **21.   Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

    **22.   Beneficiary Statement.** Lender may collect a fee, not to exceed the maximum amount permitted by law for furnishing the Beneficiary statement as provided by Section 2943 of the Civil Code of California.

    **23.   Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider          ☐ Growing Equity Rider          ☐ Other [specify]
☒ Planned Unit Development Rider   ☐ Graduated Payment Rider

    BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
DANIEL W. CORBAN                         - Borrower

_____ (Seal)
STACY ONLINE CORBAN                      - Borrower

_____ (Seal)
                                          - Borrower

_____ (Seal)
                                          - Borrower

MERS FHA Deed of Trust-CA
1004N-CA (12/07)                   Page 7 of 8

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                    Station Id :CC4G

CASE #: ▮▮▮▮▮▮                    DOC ID # ▮▮▮▮▮▮

State of California

County of _Orange_

On _12-30-09_ before me, _Susan M. Ryan-Bohuslavizki_
personally appeared _Daniel W. Corban and Stacy_
_Ondine Corban_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Susan M. Ryan-Bohuslavizki_ (Seal)



MERS FHA Deed of Trust-CA
1004N-CA (12/07)                    Page 8 of 8

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                              Station Id :CC4G

CASE #: ▮▮▮▮▮▮▮▮▮                    LOAN # ▮▮▮▮▮▮▮

# LEGAL DESCRIPTION EXHIBIT A

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA,
AND IS DESCRIBED AS FOLLOWS:

LOT 71 OF TRACT NO. 7428, IN THE CITY OF LAKE FOREST, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS
SHOWN ON A MAP RECORDED IN BOOK 295, PAGE(S) 18-23 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A
DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN DEED RECORDED IN BOOK
10379, PAGE 65 OFFICIAL RECORDS OF SAID ORANGE COUNTY.

Legal Description Exhibit A
1C404-XX (08/08)(d/i)                    Page 1 of 1





# EXHIBIT A

Branch :LSL,User :AMEG                    Comment:                              Station Id :CC4G

# PLANNED UNIT DEVELOPMENT RIDER

[Case #]          [Escrow/Closing #]          [Doc ID #]

FHA Case No

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 29th day of JUNE, 2009          , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to BANK OF AMERICA, N.A.

("Lender") of the same date and covering the Property described in the Security Instrument and located at:
22596 KILLY STREET
LAKE FOREST. CA 92630-4619
                    [Property Address]
The Property Address is a part of a planned unit development ("PUD") known as
RANCHWOOD

                    [Name of Planned Unit Development]
**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:
    A.  So long as the Owners Association (or equivalent entity holding title to common areas and facilities), acting as trustee for the homeowners, maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the

FHA PUD Rider
1589U-XX (11/07)(d/i)          Page 1 of 3





ORANGE,CA                          Page 10 of 12                Printed on 8/18/2015 9:10:50 AM
Document: TD 2009.350905

**EXHIBIT A**

Branch :LSL,User :AMEG                          Comment:                          Station Id :CC4G

CASE #: ██████████        DOC ID #: ██████████████

Property located in the PUD, including all improvements now existing or hereafter erected on the mortgaged premises, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B. Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the PUD.

C. If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from

FHA PUD Rider
1589U-XX (11/07)                    Page 2 of 3

**EXHIBIT A**

Branch :LSL,User :AMEG                        Comment:                                    Station Id :CC4G

CASE #: ███████████        DOC ID #: ██████████████
the date of disbursement at the Note rate and shall be payable, with interest, upon
notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions
contained in this PUD Rider.

_____ (Seal)
DANIEL W. CORBAN                           - Borrower

_____ (Seal)
STACY ONDINE CORBAN                        - Borrower

_____ (Seal)
                                           - Borrower

_____ (Seal)
                                           - Borrower

FHA PUD Rider
1589U-XX (11/07)                Page 3 of 3

**EXHIBIT A**

Recording Requested By:
**Bank of America**
Prepared By: **Diana De Avila**
**1800 Tapo Canyon Road**
**Simi Valley, CA 93063**
**800-444-4302**
When recorded mail to:
**CoreLogic**
**Mail Stop: ASGN**
**1 CoreLogic Drive**
**Westlake, TX 76262-9823**

Property Address:
**22596 Killy St**
**Lake Forest, CA 92630-4619**
CA0M-ADT 24802095    4/18/2013  FCL01

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

$\*$R0005824789$\*$    12.00
**2013000265596** 1:58 pm 05/02/13
47 422 A32 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** (herein "Assignor"), whose address is **P.O. Box 2026, Flint, MI 48501-2026, AS NOMINEE FOR BANK OF AMERICA, N.A.** and its successors and assigns hereby assign and transfer to **BANK OF AMERICA NA** (herein "Assignee"), whose address is **C/O BAC, M/C: CA6-914-01-43, 1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063,** and its successors and assigns all its right, title, and interest in and to a certain Deed Of Trust described below.

Original Lender:              **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR BANK OF AMERICA, N.A.**

Original Borrower(s):         **DANIEL W CORBAN, AND STACY ONDINE CORBAN, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP**

Original Trustee:             **RECONTRUST COMPANY, N.A**

Date of Deed of Trust:        **6/29/2009**

Original Loan Amount:         **$417,302.00**

Recorded in **Orange County,CA**  on: **7/2/2009**, book **N/A**, page **N/A** and instrument number **2009000350905**

                              **MORTGAGE ELECTRONIC REGISTRATION
                              SYSTEMS, INC., AS NOMINEE FOR BANK OF
                              AMERICA, N.A.**

                              By:
                              _____
                              **Rene Rosales** ,
                              **Assistant Secretary**
                              Date ____ **APR 19 2013** _____

**EXHIBIT A**

State of **California**
County of **Ventura**

On _____APR 1 9 2013_____ before me, _____**Carmen L. Morse**_____, Notary Public, personally appeared
_____Rene Rosales_____
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _____ Carmen L. Morse _____          (Seal)
My Commission Expires: _____ October 16, 2015 _____

```
CARMEN L. MORSE
Commission # 1956846
Notary Public - California
Los Angeles County
My Comm. Expires Oct 16, 2015
```

**EXHIBIT A**

Branch :LSL,User :AMEG                          Comment:                          Station Id :CC4G

**Recorded in Official Records, Orange County**
**Renee Ramirez, Assistant Clerk-Recorder**

48.00

\* $ R 0 0 0 5 5 6 5 7 6 5 $ \*
2013000069701 2:33 pm 02/01/13
47 405 M15 F13    14
0.00 0.00 0.00 0.00 39.00 0.00 0.00 0.00

Modification Agreement

Bank of America 🏠 Home Loans

**After Recording Return To:**
Bank of America, N. A.
C/O Home Retention Group
9700 Bissonnet Street
Suite 1500
Houston, TX 77036

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT- Form 3157    3/09  (rev. 8/09) (Page 1 of 12)

ORANGE,CA                          Page 1 of 14                    Printed on 8/18/2015 9:10:51 AM
Document: MD 2013.69701

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                          Station Id :CC4G

**This document was prepared by**
Home Retention Services, Inc.,
Modifications Department
9700 Bissonnet Street
Suite 1500
Houston, TX 77036
1.855.664.8124

_____ [Space Above This Line For Recording Data]_____

## MODIFICATION AGREEMENT

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT- Form 3157    3/09  (rev. 8/09) (Page 2 of 12)

**EXHIBIT A**

Branch :LSL,User :AMEG                              Comment:                                    Station Id :CC4G

**LOAN MODIFICATION AGREEMENT**

Borrower ("I"): DANIEL W CORBAN and STACY ONDINE CORBAN

Lender or Servicer ("Lender"): BAC Home Loans Servicing, LP

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 29th day of June, 2009

FHA Loan Number

Property Address *[and Legal Description if recordation is necessary]* ("Property"): 22596 KILLY STREET, LAKE FOREST, CA 92630

**Important Disclosures:** The Federal Housing Administration (FHA) requires that Lender provide you with information designed to help you understand the modified mortgage and partial claim terms that are being offered to you. Lender is required to provide you with clear and understandable written information about the terms, costs, and risks of the modified mortgage in a timely manner to enable Borrower to make informed decisions. This information is included below. Please read it carefully.

If my representations in Section 1 continue to be true in all material respects and if I have satisfied all of the preconditions set forth in Section 2, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, modify (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not otherwise defined shall have the meanings set forth in the Mortgage and/or Note, as applicable.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT  – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT- Form 3157    3/09  (rev. 8/09) (Page 3 of 12)

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                    Station Id :CC4G



1.      **My Representations.**      I certify, represent to Lender and agree:

    A.      I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments due under the Loan Documents now or in the near future;

    B.      I live in the Property as my principal residence, and the Property has not been condemned;

    C.      There has been no change in the ownership of the Property since I signed the Loan Documents;

    D.      I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the FHA-Home Affordable Modification Program ("Program"));

    E.      Under penalty of perjury, that all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and

    F.      I have made all payments required under a trial period plan, as required under the Program.

2.      **Acknowledgements and Preconditions to Modification.**      I understand, acknowledge, and agree that:

    A.      If prior to the Modification Effective Date (as defined in Section 3), the Lender determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will not be valid. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    B.      The Loan Documents will not be modified unless and until the Modification Effective Date (as defined in Section 3) has occurred.

    c.      The Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet anyone of the requirements under this Agreement.

3.      **The Modification.**      If my representations in Section 1 continue to be true and correct and all become modified on April 1, 2011 (the "Modification Effective Date") and all due and unpaid late charges will be waived.

    A.      The new Maturity Date will be: April 1, 2041.

    B.      The new principal balance of my Note will be $326,298.33 (the "New Principal Balance").

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT- Form 3157    3/09   (rev. 8/09) (Page 4 of 12)

**EXHIBIT A**

Branch :LSL,User :AMEG                                    Comment:                                    Station Id :CC4G

C.    Interest Rate: I promise to pay the New Principal Balance, plus interest, to the order of Lender. Interest will be charged on the New Principal Balance at the year rate of 5.000%, beginning April 1, 2011, both before and after any default described in the Note. The yearly rate of 5.000% will remain in effect until principal and interest are paid in full. Notwithstanding any provisions to the contrary in the Loan Documents, the interest rate will remain fixed until all of the obligations due under the Loan Documents are paid in full.

D.    Monthly Payments: Borrower promise to make monthly payments of $2,370.57 (each a "Monthly Payment"), which includes principal and interest in the amount of $1,751.64, plus any amounts required for escrow, which are currently $618.93 and may vary under the terms of the Mortgage, beginning on May 1, 2011, and continuing on the first day of each month thereafter until all of the obligations due under the Note and Mortgage paid in full.

E.    I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

F.    I also understand there may be some risks to entering into this Agreement and that these risks include things such as:
        - I need to remember that there are additional amounts due as stated in the Partial Claim so that I am not surprised:
            -- When I come to the end of the loan term and I still owe more (a balloon payment); or,
            -- At any time when I try to payoff, sell or refinance my home and it is, or may be, more difficult to do these things because I owe the amount in the Partial Claim.
        -- I need to remember that the partial claim is a junior (second) lien on my property and that this may make it more difficult in the future for me to get additional subordinate lien financing because some lenders may not want to be in a third lien position.
        -- I need to remember that if my loan has an adjustable interest rate feature, meaning the interest rate can go up and down based on changes in an Index, my modified loan will have a fixed interest rate which will not go up and down. This means that my new fixed interest rate at some point might be higher than it would be if my loan did not convert from an adjustable interest rate to a fixed interest rate loan.

4.    **Additional Agreements.** I agree to the following:

    A.    That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the Property has been transferred to one spouse in the divorce decree, in which event the spouse who no longer has an interest in the Property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT- Form 3157   3/09   (rev. 8/09) (Page 5 of 12)

**EXHIBIT A**

Branch :LSL,User :AMEG                                Comment:                                        Station Id :CC4G

B.   That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or
     workout plan that I entered into with Lender prior to the date of this Agreement.

C.   That I will comply, except to the extent that modified by this Agreement, with all covenants,
     agreements, and requirements of Loan Documents, including without limitation my agreement to
     make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all
     other similar obligations, the amount of which may change periodically in accordance with the
     terms of my Loan Documents.

D.   That the Loan Documents are composed of duly valid, binding agreements, enforceable in
     accordance with their terms and are hereby ratified and confirmed.

E.   That all terms and provisions of the Loan Documents, except as expressly modified by this
     Agreement, remain in full force and effect; that nothing in this Agreement shall be understood or
     construed to be a satisfaction or release of the obligations contained in the Loan Documents; and,
     except as expressly modified by this Agreement, I will be bound by, and will comply with, all of the
     terms and conditions of the Loan Documents and this Agreement.

F.   That I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance
     product(s), and/or subordination agreement(s) that are necessary or required by the Lender's
     procedures and/or the Program to ensure that the Mortgage, as modified by this Agreement, is in
     first-priority lien position and is fully enforceable. I further acknowledge and agree that the terms of
     this Agreement will not become effective and the Agreement will be null and void if the Lender does
     not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s)
     on or prior to the Modification Effective Date.

G.   That I will execute such other documents as may be reasonably necessary to: (i) consummate the
     terms and conditions of this Agreement; and/or (ii) correct the terms and conditions of this
     Agreement if an error is detected after execution of this Agreement (a "Corrected Agreement"). I
     understand that if a Corrected Agreement is provided to me, this Agreement will be void and of no
     legal effect. If I elect not to sign a Corrected Agreement, the terms of the original Loan Documents
     shall continue in full force and effect, such terms will not be modified by this Agreement, and I will
     not be eligible for a modification under the Program.

H.   That Lender will collect and record, as applicable, personal information about me, including, but not
     limited to, my name, address, telephone number, social security number, credit score, income,
     payment history, government monitoring information, and information about account balances and
     activity (collectively referred to as "Personal Information"). In addition, I understand and consent to
     the disclosure of my Personal Information and the terms of the trial period plan and this Agreement
     by Lender to: (a) any investor, insurer, guarantor or servicer that owns, insures, guarantees or
     services my first lien or subordinate lien (if applicable) mortgage loan(s); (b) companies that
     perform support services for the Program; and (c) any HUD certified housing counselor.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT  – Single Family – Fannie Mae/Freddie Mac UNIFORM
                INSTRUMENT- Form 3157    3/09   (rev. 8/09) (Page 6 of 12)

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                                    Station Id :CC4G

I.   I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary ("Replacement Documents"). I agree to deliver the Replacement Documents within ten (10) days after I receive the Lender's written request for such replacement.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT  – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT- Form 3157    3/09  (rev. 8/09) (Page 7 of 12)

ORANGE,CA                              Page 7 of 14                    Printed on 8/18/2015 9:10:54 AM
Document: MD 2013.69701

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                              Station Id :CC4G

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)                    _01/22/13_____
Borrower  DANIEL CORBAN                             Date

_____ (Seal)                    Jan 22, 2013_____
Borrower  STACY ONDINE CORBAN                       Date

_____[Space  Below  This  Line  For  Acknowledgement]_____

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT  – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT- Form 3157    3/09  (rev. 8/09) (Page 8 of 12)

**EXHIBIT A**

Branch :LSL,User :AMEG                      Comment:                              Station Id :CC4G

State of _California_
County of: _Orange_

On _1-22-13_____, before me, _Jody Salholm, Notary Public_
(here insert name and title of the officer), personally appeared _Daniel Carbon and Stacy_
_Ondine Carbon_____

_____
_____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Jody Salholm_____

(SEAL)

Signatures continue on the following page

```
JODY SALHOLM
Commission # 1977874
Notary Public - California
Orange County
My Comm. Expires May 11, 2016
```

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie
Mac UNIFORM INSTRUMENT- Form 3157    3/09 (rev. 8/09) (Page 10 of 12)

**EXHIBIT A**

Branch :LSL,User :AMEG                    Comment:                                    Station Id :CC4G

# CALIFORNIA ALL-PURPOSE
## CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of Orange

On 1-22-13 before me, Jody Salholm, Notary Public.
(Here insert name and title of the officer)

personally appeared Daniel Corban and Stacy Ondine Corban.

who proved to me the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JODY SALHOLM
Commission # 1977874
Notary Public - California
Orange County
My Comm. Expires May 11, 2016

_____                    (Notary Seal)
Signature of Notary Public

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

Mortgage Modification Agreement
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____    Document Date 1-22-13

_____
(Additional Information)

CAPACITY CLAIMED BY THE SIGNER
☐ Individual(s)
☐ Corporate Officer

_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

INSTRUCTIONS FOR COMPLETING THIS FORM
Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is/are) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document.

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

**EXHIBIT A**

Branch :LSL,User :AMEG                        Comment:                              Station Id :CC4G

**DO NOT WRITE BELOW THIS LINE**

-------------------------------------------------------------------------------------------------

THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP

By: Stewart Lender Services, Inc., its attorney in fact

By: _____        _____

Andria Brown, A.V.P., Stewart Lender Services, Inc.            Date

STATE OF TEXAS

COUNTY OF HARRIS

On January 24, 2013 before me, Casey Human Notary Public-Stewart Lender Services, Inc., personally appeared Andria Brown, A.V.P., Stewart Lender Services, Inc. personally known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

Signature _____

Casey Human

CASEY HUMAN
Notary Public, State of Texas
My Commission Expires
July 16, 2016

My commission expires:  July 16, 2016

Signatures continue on the following page

**EXHIBIT A**

Branch :LSL,User :AMEG                          Comment:                                    Station Id :CC4G

DO NOT WRITE BELOW THIS LINE
--------------------------------------------------------------------------------------------
THIS SECTION IS FOR INTERNAL USE ONLY

**Mortgage Electronic Registration Systems, Inc. (MERS), as Nominee for Bank of America, N.A., for**

**itself or as successor by merger to BAC Home Loans Servicing, LP**

By: _____        _____

Andria Brown, Vice President                Date

STATE OF TEXAS

COUNTY OF HARRIS

On  January 24, 2013  before me,  Casey Human Notary Public-Stewart Lender Services, Inc.,
personally appeared Andria Brown , Vice President of Mortgage Electronic Registration Systems,
Inc. (MERS),as Nominee for Bank of America, N.A., for itself or as successor by merger to BAC
Home Loans Servicing, LP, personally known to me to be the person whose name is subscribed
to the within instrument and acknowledged that she executed the same in her authorized
capacity, and that by her signature on the instrument the person, or entity upon behalf of which
the person acted, executed the instrument.

Witness my hand and official seal.

Signature_____

Casey Human

CASEY HUMAN
Notary Public, State of Texas
My Commission Expires
July 16, 2016

My commission expires:  July 16, 2016

**EXHIBIT A**

Branch :LSL,User :AMEG                          Comment:                                    Station Id :CC4G

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 71 OF TRACT NO. 7428, IN THE CITY OF LAKE FOREST, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 295, PAGE(S) 18-23 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN DEED RECORDED IN BOOK 10379, PAGE 65 OFFICIAL RECORDS OF SAID ORANGE COUNTY.

**EXHIBIT A**

Branch :LSL,User :AMEG                           Comment:                                    Station Id :CC4G

**Recording Requested by/After Recording Return To:**

Stewart Lender Services
Attn: Modification Recordation
9700 Bissonnet Street, Suite 1500
Houston, TX  77036

Order ID                              Project ID
Loan Nu

## EXHIBIT B

Borrower Name: DANIEL CORBAN and STACY ONDINE CORBAN
Property Address: 22596 KILLY STREET, LAKE FOREST, CA 92630

This Modification Agreement amends and supplements that certain Mortgage/Deed of Trust (the Security Instrument) recorded on 07/02/2009 as Instrument/Document Number: 2009000350905, and/or Book/Liber Number: N/A at Page Number: N/A in the real records of ORANGE County, State of CA.

**Additional County Requirements:**
Original Loan Amount: _417,302.00_



**EXHIBIT A**

Recording Requested by
Bank of America, N.A.
WHEN RECORDED MAIL TO:

Bank of America, N.A.
1001 Liberty Avenue, Suite 675
Pittsburgh, PA 12222
DocID▇▇▇▇▇▇▇▇▇▇

This document was prepared by Bank of America, N.A.

See Exhibit B for assignments of record if applicable

Space Above for Recorder's Use

## LOAN MODIFICATION AGREEMENT

Borrower ("I"):   DANIEL W CORBAN and STACY ONDINE CORBAN

Original Lender/Beneficiary Lender or Servicer ("Lender"):  Bank of America, N.A.

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note
("Note"): 29th day of June, 2009

FHA Loan Numbe▇▇▇▇▇▇▇▇▇

Property Address ("Property") (See Exhibit A for Legal Description if applicable):  22596
KILLY STREET, LAKE FOREST, CA 92630

**Important Disclosures**: The Federal Housing Administration (FHA) requires that the
Lender provide you with information designed to help you understand the modified
mortgage and partial claim terms that are being offered to you.  The Lender is required
to provide you with clear and understandable written information about the terms, costs,
and risks of the modified mortgage in a timely manner to enable the Borrower to make
informed decisions. This information is included below.  Please read it carefully.

**EXHIBIT A**

If my representations in Section 1 continue to be true in all material respects and if I have satisfied all of the preconditions set forth in Section 2, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, modify (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not otherwise defined shall have the meanings set forth in the Mortgage and/or Note, as applicable.

1.     **My Representations** I certify, represent to Lender and agree:

    A.     I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments due under the Loan Documents now or in the near future;

    B.     I live in the Property as my principal residence, and the Property has not been condemned;

    C.     There has been no change in the ownership of the Property since I signed the Loan Documents;

    D.     I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the FHA-Home Affordable Modification Program ("Program"));

    E.     Under penalty of perjury, that all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and

    F.     I have made all payments required under a trial period plan, as required under the Program.

2.     **Acknowledgements and Preconditions to Modification.** I understand, acknowledge, and agree that:

    A.     If prior to the Modification Effective Date (as defined in Section 3), the Lender determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will not be valid. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    B.     The Loan Documents will not be modified unless and until the Modification Effective Date (as defined in Section 3) has occurred.

    C.     The Lender will not be obligated or bound to make any modification of

**EXHIBIT A**

the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.    **The Modification**  If my representations in Section 1 continue to be true and correct and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on January 1, 2011 (the "Modification Effective Date") and all due and unpaid late charges will be waived.

A.  The new Maturity Date will be:  December 1, 2040

B.  The new principal balance of my Note will be $321,696.27 (the "New Principal Balance").

C.  <u>Interest Rate</u>: I promise to pay the New Principal Balance, plus interest, to the order of Lender.  Interest will be charged on the New Principal Balance at the yearly rate of  4.750%, beginning December 1, 2010, both before and after any default described in the Note.  The yearly rate of  4.750% will remain in effect until principal and interest are paid in full.  Notwithstanding any provisions to the contrary in the Loan Documents, the interest rate will remain fixed until all of the obligations due under the Loan Documents are paid in full.

D.  <u>Monthly Payments</u>:  Borrower promises to make monthly payments of $2,370.57 (each a "Monthly Payment"), which includes principal and interest in the amount of $1,678.12, plus any amounts required for escrow, which are currently $692.45 and may vary under the terms of the Mortgage, beginning on May 1, 2012, and continuing on the first day of each month thereafter until all of the obligations due under the Note and Mortgage are paid in full.

E.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

F.  I also understand there  may be some risks to entering into this Agreement and that these risks include things such as:
- I need to remember that there are additional amounts due as stated in the Partial Claim so that I am not surprised:
-- When I come to the end of the loan term and I still owe more (a balloon payment); or,
-- At any time when I try to payoff, sell or refinance my home and it is, or may be, more difficult to do these things because I owe the amount in the Partial Claim.

**EXHIBIT A**

-- I need to remember that the partial claim is a junior (second) lien on my property and that this may make it more difficult in the future for me to get additional subordinate lien financing because some lenders may not want to be in a third lien position.

-- I need to remember that if my loan has an adjustable interest rate feature, meaning the interest rate can go up and down based on changes in an Index, my modified loan will have a fixed interest rate which will not go up and down. This means that my new fixed interest rate at some point might be higher than it would be if my loan did not convert from an adjustable interest rate to a fixed interest rate loan.

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the Property has been transferred to one spouse in the divorce decree, in which event the spouse who no longer has an interest in the Property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or workout plan that I entered into with Lender prior to the date of this Agreement.

C. That I will comply, except to the extent that modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents, including without limitation my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other similar obligations, the amount of which may change periodically in accordance with the terms of my Loan Documents.

D. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby ratified and confirmed.

E. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; that nothing in this Agreement shall be understood or construed to be a satisfaction or release of the obligations contained in the Loan Documents; and, except as expressly modified by this Agreement, I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents and this Agreement.

F. That I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures and/or the Program to

**EXHIBIT A**

ensure that the Mortgage, as modified by this Agreement, is in first-priority lien position and is fully enforceable. I further acknowledge and agree that the terms of this Agreement will not become effective and the Agreement will be null and void if the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s) on or prior to the Modification Effective Date.

G. That I will execute such other documents as may be reasonably necessary to: (i) consummate the terms and conditions of this Agreement; and/or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement (a "Corrected Agreement"). I understand that if a Corrected Agreement is provided to me, this Agreement will be void and of no legal effect. If I elect not to sign a Corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Program.

H. That Lender will collect and record, as applicable, personal information about me, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity (collectively refered to as "Personal Information"). In addition, I understand and consent to the disclosure of my Personal Information and the terms of the trial period plan and this Agreement by Lender to: (a) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (b) companies that perform support services for the Program; and (c) any HUD certified housing counselor.

I. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary ("Replacement Documents"). I agree to deliver the Replacement Documents within ten (10) days after I receive the Lender's written request for such replacement.

**EXHIBIT A**

SIGNED AND ACCEPTED THIS *26* DAY OF *March, 2012*
BY

_____          _____
DANIEL W CORBAN                                   STACY ONDINE CORBAN

_____          _____

(ALL SIGNATURES MUST BE ACKNOWLEDGED)

State of *California*, County of *Orange* _____ On this *26* day of *March*,
*200* before me the undersigned, a Notary Public in and for said State, personally
appeared DANIEL W CORBAN and STACY ONDINE CORBAN known to me, or proved
to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the foregoing instrument and acknowledged that _____
executed the same.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

Witness my hand and official seal.

_____ Notary Signature

*Rick Bartlett* _____ Notary Public Printed Name  Place Seal Here

*2-2-2015* _____ Notary Public Commission Expiration Date

RICK BARTLETT
Commission # 1920814
Notary Public - California
Orange County
My Comm. Expires Feb 2, 2015

**EXHIBIT A**

As evidenced by their signatures below, the Co-Owner(s) consent to this Modification of the Mortgage.

CO-OWNER(S)

_Stacy Ondine Corban_    Date: _March 26, 2012_
Co-Owner(S) Signature

_____
Co-Owner(s) Name (typed or printed)

STATE OF _California_

COUNTY OF _Orange_

On _3-26-12_ before me, _Rick Bartlett_

Notary Public, personally appeared _Stacy Ondine Corban_ _____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ Notary Signature

_Rick Bartlett_ _____ Notary Public Printed Name  Place Seal Here

_2-2-2015_ _____ Notary Public Commission Expiration Date

RICK BARTLETT
Commission # 1920814
Notary Public - California
Orange County
My Comm. Expires Feb 2, 2015

**EXHIBIT A**

THIS SECTION IS FOR INTERNAL  Bank of America, N.A.USE ONLY

SIGNED THIS DATE: _____

By: _____

Name: _____

Title: _____

Bank of America, N.A.

STATE OF _____COUNTY OF_____
On _____ before me, _____Notary Public, personally
appeared _____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within Instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ Notary Signature

_____ Notary Public Printed Name  Place Seal Here

_____ Notary Public Commission Expiration Date

**EXHIBIT A**

*11802 Ridge Parkway, Suite 100-HRM*
*HOME RETENTION*
*Broomfield, CO 80021*

**Notice Date:  March 10, 2012**

DANIEL W CORBAN and STACY ONDINE
CORBAN

**Account No.** ▆▆▆▆▆▆

**Property Address:**
22596 KILLY STREET                         22596 KILLY STREET
LAKE FOREST, CA 92630                    LAKE FOREST, CA 92630

## ABOUT YOUR LOAN

**COMMITMENT AND OFFER TO MODIFY MORTGAGE AND FOR PARTIAL CLAIM**

Account Number:
Property Address:                           22596 KILLY STREET
                                            LAKE FOREST, CA 92630
Original Note Amount:                       $417,302.00
Date of original mortgage:                  29th day of June, 2009
(The foregoing is called the "Mortgage")

## WHAT THIS MEANS

This letter constitutes a commitment and offer to modify the Mortgage (identified above) and to process a Partial Claim, in accordance with the FHA-Home Affordable Modification Program ("Program") and subject to the terms and conditions stated below (the "Commitment"). This Commitment permits you to accept our offer to modify the Mortgage and to process the Partial Claim. When signed by you* (see important note below), this Commitment will constitute your agreement to the terms and conditions stated herein.

Our records indicate the Mortgage is currently in default. Although we are willing to modify the loan and process the Partial Claim, as described in this Commitment, please be advised that we will continue to pursue collection action until your FHA-HAMP process is completed. This action may include recommencing foreclosure proceedings. Upon completion of the FHA-HAMP process, which means all of the terms of this Commitment will have been met, your Mortgage will be reinstated as current, and we will cease collection activity on the current default under the Mortgage. However, if you fail to sign this Commitment or if you fail to perform as required in this Commitment, we will complete our collection action, including foreclosure if necessary.

## WHAT YOU NEED TO DO

If you want to accept this Commitment, you must sign as indicated below and deliver the signed Commitment to Bank of America, N.A. at the address listed below, by March 25, 2012 along with the other documents described in and included with this Commitment. Failure to do so will result in the automatic withdrawal by Bank of America, N.A.of this Commitment without further notice.

*  **Important Note** All borrowers, guarantors, endorsers or sureties on the original Mortgage must sign the Modified Mortgage and any other documents that we require. Any co-owner who was not a borrower on the original loan must sign the Modified Mortgage to consent to the modification, but will not become liable for repayment of the loan due to this consent.

**EXHIBIT A**

**TERMS AND CONDITIONS**                          Acct. No. ▮▮▮▮▮▮

We hereby offer to modify the Mortgage and process the Partial Claim as follows. The Mortgage, as modified in accordance with the terms and conditions provided below and such other terms as are set forth in the Modification Agreement, will be referred to below as the "Modified Mortgage":

**Section A. Terms of the Modified Mortgage.** In addition to those terms and conditions in the Modification Agreement (as provided with this Commitment), the Mortgage will be modified to reflect the following terms:

| | |
|---|---|
| The current principal balance: | $411,145.23 |
| Fund Remaining in Suspense applied to Principal Balance: | $1,443.19 |
| The revised current principal balance: | $409,702.04 |
| Arrearages included in Partial Claim (5 Months) | $15,379.25 |
| Delinquent Escrow included in Partial Claim: | $647.87 |
| The new modified principal balance will be: | $321,696.27 |
| The NEW FIXED interest rate will be: | 4.750% |
| Effective date of the new interest rate: | December 1, 2010 |
| Monthly payment of Principal and Interest (P&I) only will be: | $1,678.12 |
| Monthly Payment of P&I plus tax and insurance escrow | $2,370.57 |
| Modified maturity date: | December 1, 2040 |

The first New Monthly Payment on the Modified Mortgage will begin on May 1, 2012 and the Total New Monthly Payment amount will be $2,370.57, which includes the amounts required for your escrow account. All other terms and conditions of the Mortgage will remain the same for the Modified Mortgage, including but not limited to provisions for late fees and Bank of America, N.A.'s right to pursue collection action upon default (including foreclosure). Please note that your New Monthly Payment is still subject to change if your total monthly escrow payment for taxes and insurance increases or decreases subject to the terms of the Mortgage.

**Section B. Terms of the Partial Claim.** We will advance funds on your behalf in an amount necessary to reinstate your Mortgage and bring it current ("Advance Amount"), as explained below:

You must sign a subordinate promissory note and subordinate mortgage ("Partial Claim Mortgage") under which you promise to pay the Advance Amount to the Secretary of Housing and Urban Development, and its successors and assigns (collectively, the "Secretary"), on the earlier of the following:

   (i)   December 1, 2040
   (ii)  Your payment in full of the Modified Mortgage;
   (iii) Immediately if the amount due under the Partial Claim Mortgage and/or Modified Mortgage has been accelerated in accordance with the terms thereof;
   (iv)  The Partial Claim Mortgage and/or Modified Mortgage are no longer insured by the Secretary, or
   (v)   You do not occupy the property secured by the Partial Claim Mortgage as your principal residence.

Total Advance amount of $104,032.89 includes the following:

   (i)   Arrearages in the amount of $15,379.25 (which amount may not exceed the equivalent of 12 months worth of principal, interest, taxes, and insurance);
       a.  Interest in arrears: $8,513.15
       b.  Escrow in arrears: $3,259.00
       c.  MIP in arrears: $919.40
       d.  Principal in arrears: $2,687.70
   (ii)  Delinquent Escrow in the amount of $647.87
   (iii) Principal (as reduced from the Mortgage) in the amount of $88,005.77; and,
   (iv)  Foreclosure Costs in the amount of $0.00.

New Unpaid Principal Balance (after arrearages from partial claim are applied): $319,008.57
The Other Deferred Amount: $23,550.76

This Commitment and the other documents as described in and included with this Commitment must be

**EXHIBIT A**

signed by you and returned to our office, at the address listed below, on or before March 25, 2012, or such other date as we may choose at our sole discretion. You must send the executed documents to: 11802 Ridge Parkway Ste 100 HRM, Broomfield, CO 80021. If you have questions, Loan Consultants are standing by from 8:00 AM until 9:00 PM CT Monday through Friday, and 8:00 AM until 3:00 PM CT on Saturday except holidays at 1-800-669-6607.

### Section C. RATE CHANGE NOTICE

Once your loan is modified it will convert to a fixed interest rate. This notice explains how your new payment is calculated based upon your new fixed interest rate. Because your rate will no longer adjust, this is the final rate change notice you will receive.

Here's how we calculated your new monthly payment:

First, we determined your new interest rate.

|  | Current | New |
|---|---|---|
| Loan Index |  | N/A |
| Margin |  | N/A |
| Total |  | N/A |
| Rounding | 5.000% | N/A |
| **Actual Rate** | 5.000% | 4.750% |

Then we determined your new payment amount.

| | |
|---|---|
| New Interest Rate | 4.750% |
| New Principal Balance | $321,696.27 |
| Remaining Term as of December 1, 2010 | 360 |
| New Principal and/or Interest payment | $1,678.12 |
| New Payment Effective Date | January 1, 2011 |
| Total Monthly payment including amounts for escrow | $2,370.57 |

**EXHIBIT A**

**Section D. Contingencies**. This Commitment is contingent on the following: (i) your execution and return of the Partial Claim and Modification documents included in this FHA-HAMP package; (ii) your continuing qualification for the FHA-HAMP program; and (iii) Bank of America, N.A.'s verification that the title to the subject property is free from any defect, encumbrance, unauthorized conveyance or any other irregularity. A title search of the subject property will be initiated by Bank of America, N.A. upon your return of the executed Commitment, Partial Claim documents, and the Modification Agreement. In the event the title search, or any other information, indicates any title irregularity, including but not limited to any unauthorized conveyance, or any superior or subordinate lien(s), whether voluntary or involuntary, the Commitment and its terms shall not be effective, binding, or enforceable against Bank of America, N.A., and this Commitment shall be immediately revoked without further notice. Upon notification of a filing for protection under a Bankruptcy Stay, this Commitment will be automatically terminated. This includes the filing by any party that has or may have interest in the property.

If you want to accept this Commitment upon the terms and conditions above, you must agree by signing the Commitment and the enclosed documents. Please note that the documents must be properly notarized where required. The acceptance must be signed by each borrower and must be returned to us by March 25, 2012, otherwise, the Commitment will expire.

**THANK YOU FOR YOUR BUSINESS**

Bank of America, N.A. appreciates all your efforts and cooperation in this matter. If you have questions, Loan consultants are standing by from 8:00 AM until 9:00 PM CT Monday through Friday, and 8:00 AM until 3:00 PM CT on Saturday except holidays at 1-800-669-6607.

**EXHIBIT A**

ACCEPTANCE OF COMMITMENT                    Acct. No. ▮▮▮▮▮
Borrower(s):                                DANIEL W CORBAN
                                            STACY ONDINE CORBAN
Property Address:                           22596 KILLY STREET
                                            LAKE FOREST, CA 92630

We(I) are the borrower(s) on the Mortgage identified above. We(I) agree to or acknowledge the following:

1.    We accept all of the terms and conditions stated in the Commitment.
2.    We have failed to pay the Mortgage in accordance with its terms, and are now in default on the Mortgage.
3.    We acknowledge that this Commitment, even when signed by Bank of America, N.A.and us, will not prevent or prohibit Bank of America, N.A. from continuing collection action if we fail to fulfill any or all of its terms and conditions. This Commitment will not be considered a waiver of or defense to lender's right to commence or continue any collection action if we fail to fulfill any or all of the terms and conditions of this Commitment.
4.    The terms of the Modified Mortgage will be as stated in Section A above and the Modification Agreement. We will sign any documents necessary to complete the Modified Mortgage.
5.    The terms of the Partial Claim will be as stated in Section B above and the subordinate note and subordinate mortgage. We will sign any documents necessary to complete the Partial Claim.
6.    We acknowledge that this Commitment is subject to the fulfillment of all contingencies as provided in Section D of the Commitment. Bank of America, N.A.shall determine whether the contingencies have been satisfied.
7.    The date for signing the enclosed documents, including this Commitment, and making the payment under the Modified Mortgage will be March 25, 2012, or such other date that Bank of America, N.A. may select.
8.    All representations made by us pursuant to the Program and the Commitment are true and correct and have been and will be relied upon to Bank of America, N.A, and any breach of the representations will give Bank of America, N.A.the right to terminate this Commitment and could result in the pursuit of other rights and remedies by Bank of America, N.A.

I/We am/are now occupying the property as my/our primary place of residence. We have had the opportunity to consult with legal and/or tax counsel prior to agreeing to the foregoing, and have willingly agreed to these terms and conditions whether or not we elected to retain such counsel.
As evidenced by the signature below, the Borrower(s) and the Lender agree to the foregoing:

_____          _____
DANIEL W CORBAN                           STACY ONDINE CORBAN

_03/26/12_____           _March 26, 2012_____
Date                                      Date

**EXHIBIT A**

SPACE ABOVE FOR RECORDER USE

**WHEN RECORDED MAIL TO:**
Bank of America, N.A.
1001 Liberty Avenue, Suite 675
Pittsburgh, PA  12222

**PREPARED BY:**
Bank of America, N.A.

FHA Case No ███████████
DOC ID ███████████
See Exhibit B for assignments of record if applicable

# DEED OF TRUST

THIS  DEED OF TRUST ("Security Instrument"), is given on March 10, 2012. The Trustor(s) are
DANIEL  W  CORBAN and STACY ONDINE CORBAN, whose address is 22596 KILLY
STREET LAKE FOREST, CA 92630 ("Borrower"). This Security Instrument is given to the
Secretary of Housing and Urban Development, and whose address is **Department of Housing
and Urban Development, Attention: C&L Service Corp./ Morris-Griffin Corp. 2488 E 81st
Street, Suite 700, Tulsa, OK 74137** ("Lender"). Borrower owes Lender the principal sum of
$104,032.89. This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on
December 1, 2040. This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, and all renewals, extensions and modifications of the Note: (b) the
payment of all other sums, with interest, advanced under Paragraph 2 to protect the security of
this Security Instrument; and (c) the performance of Borrower's covenants and agreements under
this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage,
warrant, grant and convey to the Lender, with power of sale the following described property

| CALIFORNIA - SUBORDINATE SCHEDULE "A" - HUD INSTRUMENT | |
|---|---|
| FHA- PARTIAL CLAIM | Page 1 of 7 |

**EXHIBIT A**

located in ORANGE County, State of **California** which has the address **22596 KILLY STREET, LAKE FOREST, CA 92630** (See Exhibit A for Legal Description if applicable) ("Property Address") more particularly described as follows:

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

**UNIFORM COVENANTS**

1.    **PAYMENT OF PRINCIPAL.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2.    **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY.** If (A) Borrower does not keep all promises and agreements made in this Security Instrument, or (B) someone, including Borrower, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 2 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give Borrower notice before Lender may take any of these actions.

Borrower will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 2. This Security Instrument will protect Lender in case Borrower does not keep this promise to pay those amounts with interest.

Borrower will pay those amounts to Lender when Lender sends Borrower a notice requesting that

| CALIFORNIA - SUBORDINATE SCHEDULE "A" - HUD INSTRUMENT |
|---|
| FHA- PARTIAL CLAIM                    Page 2 of 7 |

**EXHIBIT A**

Borrower do so. Borrower will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and Borrower may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 2, Lender does not have to do so.

**3.     BORROWER NOT RELEASED; FORBEARANCES BY LENDER NOT A WAIVER.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**4.     SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CO-SIGNERS.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note; (a) is consigning this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**5.     NOTICES.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention:  C&L Service Corp./ Morris-Griffin Corp. 2488 E 81st Street, Suite 700, Tulsa, OK 74137 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**6.     GOVERNING LAW; SEVERABILITY.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be

| **CALIFORNIA** - SUBORDINATE SCHEDULE "A" - HUD INSTRUMENT |
| --- |
| FHA- PARTIAL CLAIM                                  Page 3 of 7 |

**EXHIBIT A**

given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**7.    BORROWER'S COPY.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**8.    ACCELERATION; REMEDIES.** If Borrower fails to keep any promise or agreement made in this Security Instrument, including the promise to pay, when due, the amount owed, Lender, prior to acceleration, shall give notice to Borrower as provided in paragraph 5 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must he cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Security Instrument to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 8, Including, but not limited to, reasonable attorneys' fees.

If lender invokes the power of sale, Lender shall give Trustee a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold shall record a notice of sale in each county in which the Property or some part thereof is located, and Trustee shall mail copies of such notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

| **CALIFORNIA** - SUBORDINATE SCHEDULE "A" - HUD INSTRUMENT |
|---|
| FHA- PARTIAL CLAIM                                   Page 4 of 7 |

**EXHIBIT A**

9.    **BORROWER'S RIGHT TO REINSTATE.** Notwithstanding Lender's acceleration of the sums secured by this Security Instrument due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Security Instrument discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Security Instrument or at any time prior to entry of a judgment enforcing this Security Instrument if: (a) Borrower pays Lender all sums which would be then due under this Security Instrument and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Security Instrument; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Security Instrument, and in enforcing Lender's and Trustee's remedies as provided herein, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably required to assure that the lien of this Security Instrument, Lender's interest in the property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unimpaired. Upon such payment and cure by Borrower, this Security Instrument and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

10.    **RECONVEYANCE.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing indebtedness secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

11.    **SUBSTITUTE TRUSTEE.** Lender, at Lender's option, may from time to time in Lender's discretion appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

12.    AREA OF PROPERTY. The area of the Property is not more than thirty acres.

13.    **REQUEST FOR NOTICES.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Security Instrument be sent to Lender's address, as set forth on page one of this Security Instrument, as provided by Section 2924(b) of the Civil Code of California.

**CALIFORNIA** - SUBORDINATE SCHEDULE "A" - HUD INSTRUMENT
FHA- PARTIAL CLAIM                                    Page 5 of 7

**EXHIBIT A**

**14.**    If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 7 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

**EXHIBIT A**

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any riders(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has executed this Security Instrument

_____
DANIEL W CORBAN

_____
STACY ONDINE CORBAN

State of _California_

County _Orange_

On _3-26-2012_ before Me, _Rick Bartlett_ Notary Public, personally appeared DANIEL W CORBAN and STACY ONDINE CORBAN personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ Notary Signature

_Rick Bartlett_ Notary Public Printed Name Place Seal Here

_2-2-2015_ Notary Public Commission Expiration Date

RICK BARTLETT
Commission # 1920814
Notary Public - California
Orange County
My Comm. Expires Feb 2, 2015

(Space Below This Line Reserved For Lender and Recorder)

**CALIFORNIA** - SUBORDINATE SCHEDULE "A" - HUD INSTRUMENT
FHA- PARTIAL CLAIM                                Page 7 of 7

**EXHIBIT A**

FHA Case No.

# SUBORDINATE NOTE

March 10, 2012

DANIEL W CORBAN
STACY ONDINE CORBAN
22596 KILLY STREET
LAKE FOREST, CA 92630
DOC ████████████

THIS LOAN IS PAYABLE IN FULL AT MATURITY OR IF THE CONDITIONS SET
FORTH IN SECTION 4 BELOW OCCUR. YOU MUST REPAY THE ENTIRE PRINCIPAL
BALANCE OF THE LOAN. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE
LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT
OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A
LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO
LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY
HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED
WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME
LENDER.

## PARTIES

"Borrower" means each person signing at the end of this Note, and the person's
successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban



8242 10/09

**EXHIBIT A**

Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of $104,032.89, (One hundred Four thousand thirty two dollars and 89/100's), to the order of Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

On, December 1, 2040 of insured mortgage or, if earlier, when the first of the following events occurs:

(i) Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii) The maturity date of the primary Note has been accelerated, or

(iii) The Note and related mortgage, deed or trust or similar Security Instrument are no longer insured by the Secretary, or

(iv) The property is not occupied by the purchaser as his or her principal residence.

### (B) Place

Payment shall be made at the Office of the Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to



8242 10/09

**EXHIBIT A**

Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.



8242 10/09

**EXHIBIT A**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (SEAL)
DANIEL W CORBAN                  Borrower

_____ (SEAL)
STACY ONDINE CORBAN              Borrower

STATE OF California,                        County: ORANGE

On this, the 26 day of March, 2012, before me, the undersigned officer, personally appeared

_Daniel W. Corban & Stacy Ondine Corban_

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal. My Commission Expires: 2-2-2015

_____

_Notary Public_
Title of Officer

RICK BARTLETT
Commission # 1920814
Notary Public - California
Orange County
My Comm. Expires Feb 2, 2015

8242 10/09

**EXHIBIT A**

# CALIFORNIA NOTARY ACKNOWLEDGMENT
### (For use by California Notary, if applicable.)

STATE OF CALIFORNIA
COUNTY OF _Orange_

On _3-26-2012_ before me, _Rick Bartlett - Notary Public_
(insert name and title of the officer)

personally appeared _David W. Corban & Stacy Budick Corban_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

RICK BARTLETT
Commission # 1920814
Notary Public - California
Orange County
My Comm. Expires Feb 2, 2015

NOTARY SEAL

THIS CERTIFICATE MUST BE ATTACHED TO THE
DOCUMENT DESCRIBED AT RIGHT

Document: Loan Modification Agreement
Number of Pages:
Date of Document:
Signer(s) Other Than Named Above: _____

8192 09/09

# EXHIBIT A

### All-Purpose Acknowledgment

State of: _California_

County of: _Orange_

On _3-26-2012_ before me _Rick Bartlett -Notary Public_
<sub>Name and Title (e.g. Jane Doe, Notary Public)</sub>

personally appeared _Daniel W. Corban & Stacy Ondine Corban_
<sub>Name(s) of Signer(s)</sub>

personally known to me – OR –

proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.



RICK BARTLETT
Commission # 1920814
Notary Public - California
Orange County
My Comm. Expires Feb 2, 2015

WITNESS my hand and official seal

**EXHIBIT A**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4375 Jutland Drive, Suite 200  P.O. Box 17933  San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): Proof of Claim will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 17, 2022 _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ATTORNEY FOR DEBTOR:**
Benjamin Heston

**TRUSTEE:**
Amrane (SA) Cohen (TR)  efile@ch13ac.com

**U.S. TRUSTEE:**
U.S. Trustee  ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) October 17, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR:**
Stacy Odine Corban
22596 Killy St
Lake Forest, CA 92630-4619

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 17, 2022 | Abril Lujan Gomez | /s/ ABRIL LUJAN GOMEZ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1.PROOF.SERVICE
EXHIBIT A